## 56113. DAVIS v. THE STATE.

WEBB, Judge.

On April 5, 1976, Davis contracted with Jackie M. Sommers to lease a site within the campgrounds known as KOA Savannah South, a private enterprise providing campsites and facilities to the general public for a fee. Davis paid Sommers $90 representing the first month's rent in advance, and moved his camper onto the campsite where he stayed with his wife and child. On April 22 after an altercation during which Sommers claimed that Davis was drinking and highly intoxicated, and cursed and threatened him over an electrical outage, Sommers offered Davis a 15 day refund and asked him to leave. Davis refused and Sommers called the county sheriff's office and signed a warrant for criminal trespass which was served on Davis. Davis informed the deputies he would leave in the morning, but not that night, and he was arrested and taken to the Bryan County Jail. After the arrest a wrecker was called to the campsite to move Davis' camper, with his wife and child inside, down the highway to a service station. The case was tried on April 21, 1977 and the jury returned a verdict of criminal trespass, imposing a fine of $150.

Davis asserts that the state failed to prove that he was guilty of criminal trespass as alleged in the warrant, and we agree. Criminal Code § 26-1503 (b)(3), which was the crime charged, provides that "A person commits

criminal trespass when he knowingly and *without authority* . . . Remains upon the land or premises of another person . . . after receiving notice from the owner or rightful occupant to depart." (Emphasis supplied.)

Remaining on the land *without authority* is an essential element in the crime of criminal trespass, and "No person shall be convicted of a crime unless each element of such crime is proved beyond a reasonable doubt." Code Ann. § 26-501. However, the evidence is uncontradicted here that Davis had authority to be on the land. He had a legal and binding contract to remain on the campsite for 30 days from the 5th of April, and nothing in the contract allowed either party to unilaterally rescind it. There was no judicial determination that the contract was void or breached. The offer by the landlord to refund part of the rent did not negate the contract because the refund was not accepted,·and Davis did not agree to any cancellation. The only terms of the contract were that Davis pay the rent, which he did in advance, and that the landowner provide a campsite. Therefore there was no authority for the landlord to revoke Davis' authority to be or remain on the land.

Although no court to our knowledge has considered this question in regard to the Georgia criminal trespass statute, a similar provision was involved in Steele v. State, 132 NE 739 (Ind. 1921), 18 ALR 500, in which the landowner prosecuted a subtenant who had paid his rent and refused to vacate the premises upon request. Reversing the conviction that court reasoned: "It is undisputed that appellant occupied said premises as a subtenant, and that he paid rent therefor to the tenant for the month of September, for which month the tenant had· paid her rent to the owner. The appellant was lawfully upon the land described in the charge. This is the crux of this case. It is the foundation, or lack of foundation, for a criminal intent, which, to sustain a conviction must be proven by competent evidence. The statute says: 'Whoever . . . being unlawfully upon the . . . land of another shall be notified to depart,' etc. Without a reservation forbidding a tenant to sublet the premises or any part thereof, she had the right to sublet the same, and the appellant, being a subtenant of the premises with her

permission, he was there lawfully, which lawful occupancy and possession cannot be made unlawful in the sense of making such occupancy a violation of the criminal statute of trespass, by being notified to depart from the premises, or to give up possession. If such occupancy and possession once acquired legally became unlawful by notice to depart or to give up possession of the land or premises, it is based upon the statutes which give the right of possession of real estate to the owner, which relates to a tenant holding over, or to an occupancy without paying rent, or to a forcible entry and detainer. If the original going upon the land and occupancy thereof was unlawful the owner had a good remedy at law and an action for forcible entry and detainer. If being upon the land and the possession thereof was lawful, and no rent was being paid for the property by the occupant, or that the occupant had no lease therefor, still the owner had a good remedy at law in an action for ejectment.

"The prosecution really turns out to be a suit for possession. The statute of the criminal law upon which this prosecution is based was not intended to be used as an aid to gain possession of real estate or in ousting an occupant thereof who gained such occupancy lawfully, and who thereafter held over his rightful term without right. It is the well-settled law in this state, and of many other states, that it is an abuse of the penal statute relating to criminal trespass to use it to try disputed rights in real property."

We think this reasoning is correct. The landlord is not precluded from removing the tenant through other procedures (i.e., distress and dispossessory warrants, Code §§ 61-302, 61-401). Here, Davis might have been removed from the premises for such acts as public disturbance (Code Ann. § 26-2605), public drunkenness (Code Ann. § 26-2607) or using abusive or obscene language (Code Ann. § 26-2610) as well as for violations of local ordinances. However, the warrant and accusation show that Davis was charged only with criminal trespass, and the state failed to prove all the elements of that crime.

*Judgment reversed. Quillian, P. J., and McMurray, J., concur.*

110

SUBMITTED JULY, 10, 1978 — DECIDED SEPTEMBER 6, 1978.

*Kenneth S. McBurnett,* for appellant.
*Billy N. Jones, Solicitor,* for appellee.