## 61617. MOTES v. THE STATE.

McMurray, Presiding Judge.

Defendant was charged by accusation with the offense of criminal trespass in that on March 24, 1980, he "did knowingly and without authority enter upon the premises of Family Mart Store . . . after receiving, *prior to such entry, notice* from the manager of said store . . . that such entry was forbidden." (Emphasis supplied.) The jury returned a verdict of guilty and a probated sentence of 12 months was imposed. Defendant appeals. *Held:*

1. Code Ann. § 26-1503 (Ga. L. 1968, pp. 1249, 1285; 1969, pp. 857, 859; 1979, p. 764) sets forth the crime of criminal trespass and states five ways in which the offense may be committed. Only two of these are relevant to the case sub judice. Code Ann. § 26-1503 (b) (2) provides that a person commits criminal trespass when he knowingly and without authority "[e]nters upon the land or premises of another person . . . after receiving, *prior to such entry, notice* from the . . . rightful occupant . . . that such entry is forbidden." (Emphasis supplied.) Code Ann. § 26-1503 (b) (3) provides that a person commits criminal trespass when he knowingly and without authority "[r]emains upon the land or premises of another person . . . *after receiving notice from the. . .* rightful occupant . . . to depart." (Emphasis supplied.) The accusation in the case sub judice sets forth a violation of Code Ann. § 26-1503 (b) (2).

Defendant was known to the management of the Family Mart Store as a union organizer and had, over a period of a couple of months, entered the store some 55 or 60 times (ostensibly as a coffee or cigarette customer). During these visits defendant was generally under the scrutiny of the management of the store who were alert for any activity of solicitation of employees on the premises. The evidence disclosed that the Family Mart Store was visited by some 4,000 prospective customers daily. The state presented some general evidence as to the nature of the defendant's conduct during these visits but the bulk of the state's evidence relates specifically to defendant's visits to the store on March 23 and on March 24, 1980. The state's witnesses (management) testified as to seeing defendant in individual conversation with several store employees on occasions but none of the state's witnesses overheard any of the conversations. No store employee (non-management) gave any testimony that defendant had violated the company's "no solicitation rule" (solicitation for union membership) in the store. No evidence was shown of notice to defendant that his entry upon the premises was forbidden. Although the state presented some evidence as to various incidents in which defendant was asked to leave the premises, the

state's evidence failed to show that defendant at any time received any notice from any person that defendant's reentry upon the premises at a later time was forbidden. The state having failed to present any evidence of this element of a violation of Code Ann. § 26-1503 (b) (2), supra, a conviction for violation of this subsection of the criminal code was not authorized by the evidence.

The state argues that the conviction should be sustained due to evidence of three incidents in which the defendant remained on the premises after being asked to leave by management personnel of the store. The conduct upon which the state relies relates to a violation of Code Ann. § 26-1503 (b) (3), which was not alleged in the accusation, rather than a violation of Code Ann. § 26-1503 (b) (2) which is alleged in the accusation. Since *De Palma v. State,* 225 Ga. 465, 469-470 (3) (169 SE2d 801), this state has declined to strictly apply the fatal variance rule. The issue therefore remains as to construction of the accusation and whether the evidence relied upon by the state is so much at variance from the allegations with which defendant was charged by accusation as to fail to meet the requirements adopted in *De Palma v. State,* 225 Ga. 465, 469-470 (3), supra.

The state argues that the defendant refused to leave the premises when asked to do so on March 24, 1980. The only evidence in regard to this demand that defendant leave the premises on that date is given in the testimony of the store manager who testified as follows: "Q. And then he returned again on the 24th? A. That's correct. Q. And again you told him to leave on that day, is that correct? A. That's correct. Q. And you say he left at that time, is that correct? A. That is correct." As this was the only testimony in regard to any demand upon the defendant to leave the premises on March 24, 1980, we must conclude that no conviction of the offense of criminal trespass on that date is authorized under the provisions of Code Ann. § 26-1503 (b) (3).

We decline to inquire further into the details of the incidents on March 23, 1980, which the state now argues constituted a violation of Code Ann. § 26-1503 (b) (3) and authorizes defendant's conviction. It is apparent that the accusation against the defendant may not be construed so broadly under the circumstances of the case sub judice as to permit proof of the offense charged by evidence of an alleged violation of a different subsection of the criminal code on a different date. The accusation as drafted would not alert the defendant to prepare a defense as to his actions during a different visit to the store, but would permit the defendant to be taken by surprise when evidence was offered by the state at trial as to a separate incident involving alleged conduct different than that described in the accusation. Furthermore, if the defendant is allowed to be convicted

under this accusation such conviction would offer no protection against another prosecution of defendant charging violations of Code Ann. § 26-1503 (b) (3), on March 23, 1980. *De Palma v. State,* 225 Ga. 465, 469-470 (3), supra, *Dyer v. State,* 150 Ga. App. 760, 761-762 (258 SE2d 620).

As the state has failed to present any evidence of the offense charged under the accusation, as above construed, the verdict of acquittal is demanded by the evidence. The trial court erred in denying defendant's motion for the directed verdict of acquittal. *Merino v. State,* 230 Ga. 604 (1) (198 SE2d 311).

2. The other enumerations of error need not be considered.

*Judgment reversed. Quillian, C. J., and Pope, J., concur.*

DECIDED JUNE 24, 1981 —
REHEARING DENIED JULY 13, 1981.

*Melvin Radowitz, Bob B. Butler,* for appellant.

*Hobart M. Hind, District Attorney, William R. Wilburn, Assistant District Attorney,* for appellee.

*Thomas L. Stephenson, G. Thomas Harper,* amicus curiae.