68961. JOHNSON v. THE STATE.
(323 SE2d 255)

McMURRAY, Chief Judge.

Via accusation, defendant was charged with the offense of a misdemeanor (criminal trespass) in that, on December 2, 1983, he "did enter upon the premises of Michael M. Neill and did refuse to leave after being advised to do so by the rightful occupant." Upon defendant's conviction by the trial court, without the intervention of a jury, the court imposed a fine of $500 and a 12 month-probated sentence. This appeal followed.

The evidence adduced at the trial demonstrates the following: On December 2, 1983, defendant and his wife went shopping at the J. C. Penney's Outlet Store in Forest Park, Georgia. After a heated discussion between defendant and Michael "Neal," a store manager, defendant located his wife and told her they were going to leave. As defendant and his wife approached the front of the store, Charles Hall (a deputy of the Clayton County Sheriff's Department who worked as a part-time security officer) advised defendant "that he had worn out his welcome there at the store, and he was going to have to leave the store." At this point, the evidence is conflicting. Witnesses for the State testified that although defendant replied that he was leaving, he continued to stand where he was; that he was again told to leave but that he did not move; and that, having failed to leave the store after repeatedly being asked to do so, defendant was arrested. Defendant and his wife testified, on the other hand, that Hall blocked defendant's only path out of the store and that defendant was prevented from leaving the store by Hall. *Held*:

1. Defendant contends there is a fatal variance between the allegata and probata. He argues "[t]here is no evidence presented by the State, as alleged in the accusation, that Michael M. Neill ever asked . . . that the Appellant leave the premises."

In *DePalma v. State*, 225 Ga. 465 (169 SE2d 801), our Supreme

Court adopted the following criteria to be used in determining whether a variance is fatal: " 'The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense.' " *DePalma v. State*, 225 Ga. 465, 469 (3), 470, supra (quoting from Berger v. United States, 295 U. S. 78, 82 (55 SC 629, 79 LE 1314)). "Since *DePalma v. State*, 225 Ga. 465, 469-470 (3) (169 SE2d 801), this state has declined to strictly apply the fatal variance rule. The issue therefore remains as to construction of the accusation and whether the evidence relied upon by the state is so much at variance from the allegations with which defendant was charged by accusation as to fail to meet the requirements adopted in *DePalma v. State*, 225 Ga. 465, 469-470 (3), supra." *Motes v. State*, 159 Ga. App. 255, 256 (283 SE2d 43).

We think the evidence presented by the State was sufficient to meet the requirements set forth in *DePalma v. State*, supra. The evidence is clear that "Neal," a store manager, told Hall (the security officer) that defendant should be asked to leave the store; that "Neal" pointed the defendant out to Hall; and that Hall asked the defendant to leave the store after being directed to do so by "Neal." These facts do not vary fatally from the allegation set forth in the accusation that "Neal" asked the defendant to leave the premises. It cannot be said that defendant was taken by surprise by the evidence offered at the trial. Nor can it be said that the accusation and the evidence vary so much that defendant may not be protected against another prosecution for the same offense. It is clear that the accusation pertains to the December 2, 1983, incident in which defendant refused to leave the J. C. Penney Outlet Store after being requested to do so. The accusation cannot be said to pertain to any other incident. Compare *Motes v. State*, 159 Ga. App. 255, supra.

Defendant's first enumeration of error is without merit.

2. Defendant contends the trial court erred in failing to grant his motion to dismiss. In this regard, defendant urges that we find that "[t]here was no evidence presented by the State which showed the Appellant refused to leave after being instructed to so do." This enumeration of error must fail. As noted above, there was evidence that defendant refused to move after he was asked to leave the store. Defendant's assertion that Hall prevented him from leaving the store was contradicted by the testimony of Hall and another security officer. These witnesses testified that when Hall asked defendant to leave he approached defendant from the side; that Hall did not block defendant's path at any time; and that defendant could have left the

store if he so desired. This evidence was sufficient for a rational trier of fact to reasonably find beyond a reasonable doubt that defendant was guilty of the offense charged. See generally Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Crawford v. State*, 245 Ga. 89, 90 (1) (263 SE2d 131); OCGA § 16-7-21 (b) (3).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 9, 1984.

*Allan R. Smith*, for appellant.
*John C. Carbo III, Solicitor*, for appellee.