## 75870. STROZIER v. THE STATE.
(369 SE2d 504)

BEASLEY, Judge.

Defendant appeals his criminal trespass conviction, based upon a criminal information that he "did enter and remain upon the land and premises of Leverte Michelle Woods after being advised by . . . Leverte Woods to depart." See OCGA § 16-7-21 (b) (3).

1. The first enumeration of error asserts that the trial court erred by failing to insure that defendant knowingly and voluntarily waived his right to counsel.

The record contains a "waiver of counsel," signed by defendant, which reads: "I, the undersigned, defendant in the above stated matter, having been fully acquainted with my right to counsel, fully understand my rights involved, do desire not to be represented by counsel and do hereby waive my right to counsel fully and completely in these proceedings." This is all the record and transcript contain with reference to defendant's waiver of right to counsel.

*Clarke v. Zant*, 247 Ga. 194, 197 (275 SE2d 49) (1981), observed: "much uncertainty could be removed from future cases if a complete record is made. We therefore hold . . . the record should reflect a finding on the part of the trial court that the defendant has validly chosen to proceed pro se. The record should also show that this choice was made after the defendant was made aware of his right to counsel and the dangers of proceeding without counsel." In *Glaze v. State*, 172 Ga. App. 802 (325 SE2d 172) (1984), where defendant signed a waiver of rights and answered summarily posed questions about whether he understood the written waiver, this court reversed

his conviction because defendant was not warned of the danger of proceeding without counsel.

The generally applicable principle in this type of situation has been that we presume the trial court did its duty in the absence of a showing to the contrary. *Gunter v. State,* 243 Ga. 651, 654 (1) (256 SE2d 341) (1979); *Key v. State,* 147 Ga. App. 800, 804 (14) (250 SE2d 527) (1978). However, in light of *Clarke,* supra, and the cases subsequent to it, the failure to show by the record that the trial court made a finding with regard to defendant's voluntary and knowing choice to proceed pro se is reversible unless the error is shown to be harmless. *McCook v. State,* 178 Ga. App. 276 (342 SE2d 757) (1986) [a two judge case]. In this case mitigating factors, such as counsel being present to assist the pro se defendant, are absent and we cannot find a lack of harm beyond a reasonable doubt as required where constitutional deprivation is alleged. *Chapman v. California,* 386 U. S. 18 (87 SC 824, 17 LE2d 705) (1967). Compare *Lazenby v. State,* 181 Ga. App. 854 (354 SE2d 196) (1987); *Shavers v. State,* 179 Ga. App. 45, 46 (345 SE2d 134) (1986); *Bowen v. State,* 173 Ga. App. 361 (2) (326 SE2d 525) (1985).

2. Defendant contends that a rational trier of fact could not have found defendant guilty beyond a reasonable doubt. The two pertinent subsections of OCGA § 16-7-21 are (b) (2) & (3) which provide: "A person commits the offense of criminal trespass when he knowingly and without authority: (2) Enters upon the land or premises of another person . . . after receiving, prior to such entry, notice from the owner, [or] rightful occupant . . . that such entry is forbidden; or (3) Remains upon the land or premises of another person . . . after receiving notice from the owner, [or] rightful occupant . . . to depart."

The only substantive difference between the offenses as described in the two subsections of the criminal trespass statute "lies in the time of the giving of the notice." Subsection (b) (2) "applies where notice forbidding entry is given *before* the accused goes upon the premises." Subsection (b) (3) "deals with a lawful entry and remaining on the premises *after* having been directed to leave." (Emphasis in original.) *Scott v. State,* 130 Ga. App. 75, 76 (2) (202 SE2d 201) (1973). See *State v. Raybon,* 242 Ga. 858, 861 (252 SE2d 417) (1979). The evidence dealt with notice being given both before and after. However, the criminal information, although using the terminology "enter and remain," more closely tracks (b) (3).

"Remaining on the land *without authority* is an essential element in the crime of criminal trespass." *Davis v. State,* 147 Ga. 107, 108 (248 SE2d 181) (1978). Defendant contends that since the complaining witness lived in an apartment with common entrance ways, halls, etc., the evidence did not show that he was on the premises of another from which he was required to leave. However, the witness

stated that defendant was on her property when she made repeated requests for him to leave. The evidence was sufficient for a rational trier of fact to find defendant guilty of criminal trespass beyond a reasonable doubt. *Johnson v. State,* 172 Ga. App. 333, 334 (2) (323 SE2d 255) (1984); *Davis v. State,* supra.

3. Defendant urges that the court erred by failing to declare a mistrial, sua sponte, when the prosecuting attorney made statements within the jury's hearing which were prejudicial and pertained to matters not in evidence. Since this is unlikely to recur upon re-trial, we do not consider this enumeration of error.

*Judgment reversed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED APRIL 29, 1988.

*Charles C. Witcher,* for appellant.

*Parnell H. Odom, Solicitor, D. Scott Cummins, Assistant Solicitor,* for appellee.