A89A1437. KERR et al. v. THE STATE.
(387 SE2d 355)

SOGNIER, Judge.

Fred F. Kerr and Brenda Roberts were tried jointly and each was convicted of two counts of criminal trespass. In addition, Kerr was convicted of two counts and Roberts was convicted of one count of unlawful assembly. Both appeal.

Construed to support the verdict, the evidence adduced at trial showed that on August 3, 1988, appellants took part in a demonstration at a medical clinic located at the intersection of 14th and Curran Streets in Atlanta, a licensed ambulatory surgical treatment center providing certain medical services to women, including abortion. When the center's personnel arrived at work that morning, they found a number of demonstrators blocking the two main entrances to the clinic, a stairway located on 14th Street and steps alongside a driveway on Curran Street. During the entire demonstration appellant Roberts sat on the stairway on the 14th Street side. Appellant Kerr first sat on the sidewalk next to appellant Roberts on the 14th Street side and leaned on the adjacent stairway, but later moved to the driveway on the Curran Street side, joining a group of people standing across the entrance. Clients were able to enter the clinic only after being lifted by staff over the demonstrators blocking the entrances. Approximately forty to sixty people picketed across the street, but did not approach the clinic or block access to it. Lynn Thornguson, the clinic administrator, identified herself, informing the demonstrators at each entrance that they were on private property, and requesting that they leave the premises. The demonstrators, including appellants, did not comply. Sergeant C. S. Purdom of the Atlanta Police Department also identified himself and informed the demonstrators they would be arrested if they did not leave the premises. Appellants were among those demonstrators who continued to block access to the clinic, and they were arrested.

1. Appellants contend that comments made by the prosecutor during closing argument concerning appellants' failure to testify violated their federal and state constitutional rights against self-incrimination as well as OCGA § 24-9-20. "To reverse for improper comment by the prosecutor, we must find one of two things: that 'the prosecu-

tor's manifest intention was to comment upon the accused's failure to testify' or that the remark was 'of such a character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify.' [Cits.]" *United States v. Rochan,* 563 F2d 1246, 1249 (5th Cir. 1977). Quoting *Rochan,* the Georgia Supreme Court has held that " '[w]e cannot find that the prosecutor manifestly intended to comment on the defendants' failure to testify, if some other explanation for his remark is equally plausible.' " *Ranger v. State,* 249 Ga. 315, 319 (290 SE2d 63) (1982).

In the case at bar, appellants rejected the assistance of counsel and presented no evidence in their defense, although at one point during the direct examination of a State witness, appellant Kerr did attempt to display to the jury, without permission of the court and behind the prosecutor's back, demonstrative evidence which had not been admitted at trial. He took no steps to introduce this evidence properly later in the trial. In her closing argument, appellant Roberts tried to testify, but was admonished by the court. Thereafter, in his closing argument, the prosecutor explained to the jury that anything appellant Roberts had said in her closing argument was not evidence, and anything appellant Kerr might say in his closing argument, which would take place after that of the State, would not be evidence: "He had a chance to get on the stand where I would have a chance to cross-examine him. He presented no evidence as his defense." Considering appellants' actions which preceded the prosecutor's comments, we find the comments were not made with the manifest intention of commenting upon the accuseds' failure to testify, nor would the jury necessarily have construed them as a comment on appellants' silence. Rather, we find equally plausible that the comments were directed at the lack of evidence adduced by appellants in contrast to that presented by the State, and were intended as a response to the improper closing argument made by Roberts. In view also of the fact that the trial court instructed the jury that "[t]he defendants have an absolute right to remain silent and from the exercise of the defendants' right to remain silent you're not permitted to draw any inference of guilt," we hold that the prosecutor's comment does not require reversal. *Ranger,* supra at 320 (3).

2. Appellant Kerr challenges the sufficiency of the evidence to support his conviction on either count of criminal trespass because he was not actually on the clinic's property. We do not agree. It is immaterial under OCGA § 16-7-21 (a), which prohibits knowing interference with the use of another's property, whether he was actually on the clinic's property. Both Lynn Thornguson and Officer Purdom testified that Kerr was interfering with access to the property and it is clear from the videotape evidence shown to the jury that he was doing so. As to appellant Kerr's conviction pursuant to OCGA § 16-7-21 (b)

(3), which prohibits knowingly remaining on the premises of another after receiving notice to depart from an authorized representative, although the videotape was inconclusive as to whether appellant Kerr was standing on the clinic's private driveway or on a public sidewalk when he moved to the Curran Street side of the property, photographs of appellant Kerr before he moved show him leaning on the 14th Street steps, which are clearly clinic property. We find no merit in appellant Kerr's argument that he was not warned by Thornguson to leave after he changed locations, because in her warning Thornguson demanded that he leave *the premises*, not just the 14th Street location. Accordingly, we find the evidence was sufficient to enable a rational trier of fact to find appellant Kerr guilty of both counts of criminal trespass beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. Appellants contend it was error to convict them of two counts each of criminal trespass when they engaged in only one activity. OCGA § 16-1-7 (a) (1) provides that "[w]hen the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if . . . [o]ne crime is included in the other." Under OCGA § 16-1-6, which sets forth the rules for determining whether a crime is included in another either as a matter of fact or as a matter of law, it is clear that the two counts of criminal trespass in issue here are not included as a matter of law because each requires proof of different elements. Appellants argue, however, that the State proved only one "act" for each person, that of engaging in a peaceful demonstration against the clinic, and those same facts were used to convict appellants of two crimes.

We disagree with appellants' construction of the facts, particularly their characterization of their behavior as one "act" of peacefully demonstrating. Contrary to appellants' argument, their actions were not a simple expression of first amendment rights (particularly in light of the fact that numerous other people, who *were* actually exercising their right to demonstrate peacefully, were not arrested) nor was it only one act. Appellants interfered with the clinic's use of its property by making ingress to and egress from the clinic difficult, thereby violating OCGA § 16-7-21 (a). The State did not "use up" all its evidence proving this offense, see *Haynes v. State*, 249 Ga. 119, 120 (2) (288 SE2d 185) (1982), but also showed that appellants were *on* the clinic property and that they refused to leave after being told to do so by the properly identified authorized representative of the owner of the property. This conduct violated OCGA § 16-7-21 (b) (3). Accordingly, the two counts of criminal trespass did not merge, and appellants were properly convicted of both counts. See generally *Millines v. State*, 188 Ga. App. 655, 656-657 (1) (373 SE2d 838) (1988);

compare *Haynes,* supra at 120-121 (2).

4. The accusations also charged appellants with violating OCGA § 16-11-33 (1) by knowingly participating "in the assembly of more than two persons for the purpose of committing the unlawful act of [c]riminal [t]respass and fail[ing] to withdraw from the assembly on being lawfully commanded to do so by a police officer." We find that appellants' convictions on these charges must be reversed.

OCGA § 16-11-33 (1) prohibits "[t]he assembly of two or more persons for the purpose of committing an unlawful act and the failure to withdraw from the assembly on being lawfully commanded to do so by a peace officer *and before any member of the assembly has inflicted injury to the person or property of another.*" (Emphasis supplied.) We are not free to ignore the emphasized portion of the statute. " '(A)ll the words of the legislature . . . ought to be preserved, and effect given to the whole, if it can be done. No doubt courts could sometimes better legislation by rejecting some of the words delivered to them by the legislature for construction; but *to do this courts have no power.*' . . . [Cit.]" *Butterworth v. Butterworth,* 227 Ga. 301, 304 (180 SE2d 549) (1971). OCGA § 16-11-33 thus prohibits remaining assembled with the intention and purpose of committing a crime when commanded to disperse by the police, provided that no crime has yet been committed by a member of the assembled group. Although we have found no authority on this issue, and neither appellants nor the State have cited us to any, we find analogous the prohibition explicitly stated in OCGA § 16-4-2 with regard to criminal attempt: "A person may be convicted of the offense of criminal attempt if the crime attempted was actually committed in pursuance of the attempt but may not be convicted of both the criminal attempt and the completed crime." Our reading of OCGA § 16-11-33 (1), and particularly the emphasized last portion, thus persuades us that no conviction for unlawful assembly may be had where the accused (or, indeed, any member of the assembled group) is also convicted of a completed crime against the person or property of another, where that completed crime was the purpose of the assembly, and we hold that unlawful assembly for the purpose of committing criminal trespass is therefore included in the crime of criminal trespass. Because we have decided in Division 2, supra, that appellants were properly convicted of two counts of criminal trespass, we hold that their convictions for unlawful assembly for the purpose of committing criminal trespass merged into those convictions. See generally *Haynes,* supra at 120-121 (2).

5. Appellant Kerr was also accused and convicted of violating OCGA § 16-11-33 (1) by knowingly participating "in the assembly of more than two persons for the purpose of committing the unlawful act of obstructing a street and other public passage and fail[ing] to

withdraw from the assembly on being lawfully commanded to do so by a peace officer." We have carefully reviewed the evidence adduced and find no indication, either in the testimony or the videotape, which would authorize a rational trier of fact to conclude that it was appellant Kerr's purpose to obstruct a sidewalk or street. Rather, all evidence indicates his sole purpose was to block access to the clinic. Accordingly, under the standard set forth in *Jackson v. Virginia*, supra, this conviction must be reversed.

6. Appellants contend the trial court erred by indefinitely banishing them from certain abortion clinics as a condition for suspending their sentences. The State concedes this ruling was error. Although banishment from certain places is lawful, the time designated must be reasonable and bear a logical relationship to the rehabilitative scheme of the sentence. *State v. Collett*, 232 Ga. 668, 670-671 (208 SE2d 472) (1974). We agree that the indefinite banishment is improper and remand this case to the trial court for resentencing.

*Judgment affirmed in part, reversed in part, and case remanded. Banke, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 27, 1989 —
REHEARINGS DENIED OCTOBER 12, 1989 —

*Matthew S. Coles, Devin M. Ehrlich, Rawlins & Mobley, David D. Rawlins*, for appellants.

*James L. Webb, Solicitor, Lee R. O'Brien, Helen A. Roan, Assistant Solicitors*, for appellee.