A90A2140. FEAGIN v. THE STATE.
(402 SE2d 80)

BIRDSONG, Presiding Judge.

A. P. Feagin, Sr., appeals his bench trial conviction of criminal trespass asserting insufficiency of evidence.

The alleged victim, Gleason Fowler, claims appellant interfered with Fowler's right of use of a road giving access to the northern portion of his property, by barricading it and driving spikes into the ground. The trail meanders on both appellant's and Fowler's property. Appellant denied he drove spikes into the ground and asserts that he did erect barricades across the road, but only within the boundaries of his own property, after detecting the unauthorized dumping of garbage upon his land.

The criminal trespass accusation avers appellant did "knowingly and without authority *enter upon the premises of another* person, to-wit: Gleason Fowler . . . for an unlawful purpose, to-wit: *to drive metal spikes* into the *private roadway* of . . . Gleason Fowler." (Emphasis supplied.) *Held*:

1. On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine wit-

ness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). But, we note that in this case, the transcript contains repeated instances of testimonial hearsay. "Hearsay evidence is without probative value and will not establish fact in issue even in the absence of a timely objection." *Roney v. State*, 192 Ga. App. 760, 761 (1) (386 SE2d 412). Accordingly, hearsay, such as Fowler's testimony regarding a conversation during which a hunter reported that appellant had been observed putting metal files (apparently at some unidentified point) in the road, is without probative value.

2. OCGA § 16-7-21 pertinently provides: "(a) A person commits the offense of criminal trespass when he intentionally damages any property of another without his consent and the damage thereto is $500.00 or less or knowingly and maliciously interferes with the possession or use of the property of another person without his consent" and "(b) A person commits the offense of criminal trespass when he knowingly and without authority . . . (1) Enters upon the land or premises of another . . . for an unlawful purpose . . . (2) Enters upon the land . . . of another person . . . after receiving, prior to such entry, notice from the owner, rightful occupant, or, upon proper identification, an authorized representative of the owner or rightful occupant that such entry is forbidden; or . . . (3) Remains upon the land or premises of another person . . . after receiving notice from the owner, rightful occupant, or, upon proper identification, an authorized representative of the owner or rightful occupant to depart."

In *Ross v. State*, 195 Ga. App. 624 (1) (b), 625 (394 SE2d 418), we held "[t]his case is distinguishable from those cases in which an indictment [or accusation] avers several different manners in which the offense was committed, and there exists evidence sufficient to support a finding of guilt as to one of these averred manners; and, those cases where an appellant was an aider and abettor to the crime as averred. In this case, appellant was the only averred perpetrator and only one manner of crime commission was averred. While an unnecessary description of an unnecessary fact averred in an indictment need not be proved, in criminal law even an unnecessarily minute description of a necessary fact must be proved as charged. If the indictment sets out the offense as done in a particular way, the proof must show it so, or there will be a variance. No averment in an indictment can be rejected as surplusage which is descriptive either of the offense or of the manner in which it was committed. All such averments must be proved as laid, or the failure to prove the same as laid will amount to a variance. To permit the prosecution to prove that a crime was committed in a wholly different manner than that specifically alleged in the indictment would subject the accused to unfair surprise at trial and constitute a fatal variance." (Citations, punctuation, and emphasis omitted.)

During bench trial the court observed that "[u]nless you have [a] survey, I don't know . . . on whose property [the road is] on [at any given point]." And at the close of the hearing, even though this was a criminal trial, the court announced the following findings: "[T]hat the pathway is on both properties and that the victim . . . does have an easement of wild property by prescription. . . . And so the [c]ourt is going to say that by using that for 20 years [the victim] has developed an easement into [appellant's] property. So the [c]ourt will find you guilty of criminal trespass."

Appellant asserts most persuasively, inter alia, that the evidence is insufficient to establish the existence of an easement by prescription in favor of Gleason Fowler. Pretermitting this question, however, is the fact that the accusation avers only one manner in which the offense of criminal trespass was committed, and that is by the appellant *entering* the premises of Gleason Fowler, for the unlawful purpose of driving metal spikes into the *private roadway* of the said Fowler. The accusation does not aver multiple means of crime commission, nor does it aver the commission of criminal trespass by the means prohibited by OCGA § 16-7-21 (a). Rather the accusation avers acts of trespass which would be criminal under OCGA § 16-7-21 (b), and which require as proof thereof that appellant in fact entered the premises of Fowler for the unlawful purpose therein averred.

There exists no probative evidence that appellant *entered* the land of Fowler to drive metal spikes; the hearsay evidence offered to show that appellant drove the spikes, even if admissible, failed to show the alleged unlawful act occurred on Fowler's property. Fowler did testify that appellant put some files in the road, without being required to testify as to the source of his knowledge; however, as to this particular testimony, Fowler failed to state, and the record does not otherwise establish, that these acts occurred on land other than appellant's.

Both Fowler and a deputy sheriff testified they observed a cable pulled across the trail, and Fowler testified that one end of the cable was tried to a tree located upon his property. Nevertheless, there is no evidence establishing that this act or acts occurred either when appellant entered Fowler's land after having been told not to do so or that he remained thereon and committed the act after having been given notice to leave. In fact, Fowler made an admission in open court that prior to the occasion testified to by the deputy sheriff he "hadn't been able to contact" appellant. Although the barrier apparently continued to be maintained after Fowler objected in the presence of appellant, the record does not establish that it was maintained thereafter upon any part of Fowler's property. Moreover, the maintenance of a "barrier" was *not* averred in the accusation as the means in which the criminal trespass was committed. Thus, proof of the offense in

this "wholly different" manner would constitute a fatal variance within the meaning of *Ross*, supra.

Likewise, it would constitute a fatal variance to prove that the offense was committed by the unaverred and "wholly different" manner of impairing Fowler's use of an easement by prescription by appellant's acts of driving spikes or maintaining a barrier upon his *own* property. See *Ross*, supra. As in *Bowman v. State*, 258 Ga. 829, 833 (376 SE2d 187), "[c]ivil liability might have attached" but criminal trespass, as averred in the accusation, has not been proven.

This case is distinguishable from *Strozier v. State*, 187 Ga. App. 16 (369 SE2d 504) which is cited by the State. In *Strozier* it *was averred* that appellant did enter and remain upon the land and premises of another after being advised to depart (see OCGA § 16-7-21 (b) (3)), and the complaining witness testified that "defendant was on her property when she made repeated requests for him to leave." Id. at 18. Thus in *Strozier*, a jury question was presented as to whether appellant had committed the averred criminal trespass; and, it was for the factfinder in that case to decide the weight of the evidence and witness credibility.

This case is also distinguishable from *Kerr v. State*, 193 Ga. App. 165 (387 SE2d 355) where appellant was charged with *two* counts of criminal trespass under OCGA § 16-7-21 (a) and OCGA § 16-7-21 (b), respectively. Although *Kerr* would support a holding that the crime of criminal trespass can be committed by "interfering with access to the property" under a proper crafted charge of violation of OCGA § 16-7-21 (a), as above stated, no such averment was made in this case. Accordingly, appellant's conviction on such a "wholly different" basis would result in a fatal variance as above discussed.

*Judgment reversed. Banke, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 1, 1991.

*Robert E. Bergman*, for appellant.
*Douglas C. Pullen, District Attorney, Bradford R. Pierce, Assistant District Attorney*, for appellee.