## A07A1837. ROACH v. THE STATE.
(656 SE2d 165)

BERNES, Judge.

Following a bench trial, Tony Lane Roach was convicted of criminal trespass. Roach appeals, contending the evidence was insufficient to support his conviction. We agree and therefore reverse.[1]

---

[1] Roach also contends the trial court erred in admitting certain hearsay testimony. However, in view of our reversal of the conviction, we need not address Roach's additional claim of error.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence. See *Feagin v. State*, 198 Ga. App. 460 (1) (402 SE2d 80) (1991). We do not weigh the evidence or determine witness credibility, but determine whether the evidence was sufficient to sustain the verdict in accordance with the principles set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Feagin*, 198 Ga. App. at 460 (1).

So viewed, the evidence shows that at about 11:00 a.m. on the date of the incident, a Cumming police officer was dispatched to the premises of the Cumming Group, a substance abuse treatment facility, in response to a disturbance call. After investigating the matter, the officer ordered Roach to leave the premises and advised him that he would be arrested for criminal trespass should he return. The officer observed Roach leave the premises and walk eastbound on Canton Highway.

Later that day, at approximately 5:45 p.m., the officer was dispatched to the Cumming Group again in response to a complaint that Roach had returned to the premises and was again causing a disturbance. When the officer arrived, he saw Roach standing in the doorway of the Cumming Group facility. The officer then placed Roach under arrest.[2]

OCGA § 16-7-21 sets forth several distinct ways in which the offense of criminal trespass may be committed. See OCGA § 16-7-21 (a), (b) (1)-(3); *Motes v. State*, 159 Ga. App. 255 (1) (283 SE2d 43) (1981). The accusation in this case alleged in pertinent part that Roach committed criminal trespass by "remaining upon the premises of THE CUMMING GROUP . . . in violation of OCGA § 16-7-21 (b) (3)." That subsection of the statute provides:

> A person commits the offense of criminal trespass when he or she knowingly and without authority . . . [r]emains upon the land or premises of another person . . . after receiving notice from the owner, rightful occupant, or, upon proper identification, an authorized representative of the owner or rightful occupant to depart.

Thus, to sustain a conviction of criminal trespass under OCGA § 16-7-21 (b) (3), the state was required to present evidence that the defendant "[r]emain[ed]" on the premises after receiving notice to depart. The evidence in this case showed to the contrary. Roach left the premises immediately after receiving notice to depart. As such,

---

[2] No one from the Cumming Group facility testified at trial.

there was no evidence of a required element of the offense and Roach's conviction under this subsection was therefore not authorized.

While the evidence may have authorized a conviction for criminal trespass under subsection (b) (2) of the statute,[3] that was not the crime with which Roach was charged. "[W]hen a crime can be committed in more than one way, the prosecution cannot be permitted to prove that crime in a different manner than that alleged in the [accusation]. . . . [T]he defendant has the right to rely on the specific manner of committing the crime that is alleged in the [accusation]." (Citation omitted.) *Kevinezz v. State*, 265 Ga. 78, 81 (2) (b) (454 SE2d 441) (1995). All averments in the accusation which are descriptive either of the offense or the manner in which it was committed must be proved as alleged. *Feagin*, 198 Ga. App. at 461 (2). Proof that the crime was committed in a wholly different manner amounts to a fatal variance and does not support a conviction of the offense alleged in the accusation. Id. at 461-463 (2). Since the state's evidence failed to establish a violation of the crime charged in the accusation, the conviction must be reversed.

*Judgment reversed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED DECEMBER 14, 2007.

*Barker & Wiegand, Vic Wiegand*, for appellant.
*Leslie C. Abernathy, Solicitor-General, Lynne S. Amos, Assistant Solicitor-General*, for appellee.

---

[3] OCGA § 16-7-21 (b) (2) provides that a person commits criminal trespass when he "[e]nters upon the land or premises of another . . . after receiving, prior to such entry, notice . . . that such entry is forbidden." "The difference between [subsections (b) (2) and (b) (3)] lies in the time of the giving of the notice. The latter deals with a lawful entry and remaining on the premises after having been directed to leave. The first applies where notice forbidding entry is [given] before the accused goes upon the premises." (Emphasis omitted.) *Scott v. State*, 130 Ga. App. 75, 76 (2) (202 SE2d 201) (1973). The evidence in this case shows that Roach *departed* from the premises after having been directed to leave, but later *returned* to the property after receiving the prior notice forbidding entry. His actions therefore establish a violation of subsection (b) (2), but not subsection (b) (3).