A08A0956. YOUNGER v. THE STATE.
(666 SE2d 460)

RUFFIN, Presiding Judge.

Following a bench trial, Aubrey Younger was found guilty of operating a motor vehicle without a tag.[1] Younger appeals, pro se, challenging the sufficiency of the evidence and arguing that there was a fatal variance between the crime alleged in the indictment and the evidence proven at trial. We agree and reverse.

---

[1] The trial court found Younger not guilty of the second charge, crossing the median of a divided highway.

Viewed with all inferences in favor of the trial court's judgment,[2] the evidence shows that Cobb County police officer Paul Smith stopped Younger for improperly driving over a roadway gore. Younger was driving a rental car and towing a trailer that he said he owned. The trailer did not have a license plate or a vehicle identification number.

Officer Smith issued him two traffic citations, one which alleged "No Tag on Trailer[,] in [v]iolation of Code Section 40-2-20," and another for "Cutting the Gore." Subsequently, Younger was charged by accusation with two misdemeanor offenses. Count 1 charged

> the offense of 40-2-20[,] NO TAG, . . . for that the said accused . . . did unlawfully operate a motor vehicle upon the public road and highway known as Shallowford Road, without having displayed thereon the number plate assigned to said motor vehicle in a position so as not to swing, and without having such number plate plainly visible and legible at all times.

Younger was acquitted of Count 2 charging that he crossed the median of a divided highway, and this allegation is not at issue on appeal.

Following his conviction, Younger is no longer presumed innocent.[3] In considering his appeal, we neither weigh the evidence nor resolve issues of witness credibility, but determine only whether the evidence was sufficient to allow a rational trier of fact to find the accused guilty beyond a reasonable doubt.[4]

Here, Younger challenges the sufficiency of the evidence, arguing that there was a fatal variance between the accusation and the proof at trial, because there was no evidence that he operated a motor vehicle without a license plate.[5] We agree. The accusation charged Younger with *operating a motor vehicle* without a license

---

[2] See *Williams v. State*, 287 Ga. App. 40, 41 (1) (651 SE2d 347) (2007).

[3] See *McGee v. State*, 287 Ga. App. 460 (651 SE2d 546) (2007).

[4] See id.

[5] We also note that the accusation specifically charges that Younger violated OCGA § 40-2-20, which requires that "every owner of a motor vehicle . . . and every owner of a trailer shall, during the owner's registration period in each year, register such vehicle as provided in this chapter and obtain a license to operate it for the 12 month period until such person's next registration period." OCGA § 40-2-20 (a) (1) (A). However, the language of the accusation – which alleges that Younger unlawfully operated a motor vehicle without a license plate – tracks the language of OCGA § 40-2-8 (b) (2) (A), which provides that "[i]t shall be a misdemeanor to operate any vehicle required to be registered in the State of Georgia without a valid numbered license plate. . . ." Because Younger did not raise this inconsistency as an issue before the trial court or on appeal, we do not address it. See *Cole v. State*, 211 Ga. App. 236, 237-238 (438 SE2d 694) (1993) (our appellate review is limited to those issues properly raised before the trial court and on appeal).

plate.[6] At trial, the evidence established that he was *towing a trailer* which did not have a license plate displayed, but that the motor vehicle he was operating was properly registered. There was no evidence that the rental car he was driving lacked a license plate.

"When a crime can be committed in more than one way, the prosecution cannot be permitted to prove that crime in a different manner than that alleged in the accusation. The defendant has the right to rely on the specific manner of committing the crime that is alleged in the accusation."[7] However, not all variances in a charging instrument are fatal.[8] The test is whether an accusation (1) informs the accused as to the charges against him such that he is able to present his defense and will not be surprised by the evidence introduced at trial; and (2) protects the accused from a subsequent prosecution for the same offense.[9]

Here, nothing in the accusation alerted Younger that he would have to defend against a charge of *operating a trailer without a tag.*[10] And he clearly believed at trial that he was defending against the State's charge in the accusation that he was unlawfully operating a motor vehicle that was not properly registered.[11] Under these circumstances, "[t]o permit the prosecution to prove that a crime was committed in a wholly different manner than that specifically alleged in the [accusation] would subject [Younger] to unfair surprise at trial and constitute a fatal variance."[12] Accordingly, the conviction must be reversed.[13]

*Judgment reversed. Andrews and Bernes, JJ., concur.*

DECIDED JULY 24, 2008.

---

[6] The State repeatedly emphasizes in its brief that the traffic citation alleged that Younger failed to register his trailer. However, an "accusation supersedes any uniform traffic citation as the charging instrument." (Punctuation omitted.) *Walker v. State*, 280 Ga. App. 393, 395 (2) (634 SE2d 177) (2006).

[7] (Punctuation omitted.) *Roach v. State*, 289 Ga. App. 23, 25 (656 SE2d 165) (2007).

[8] See *Wegman-Fakunle v. State*, 277 Ga. App. 198, 200 (2) (626 SE2d 170) (2006).

[9] See id.

[10] Younger's defense at trial was that the motor vehicle he was driving was properly registered. Indeed, after pronouncing judgment, the trial court asked whether Younger had any proof that the trailer was properly registered, and Younger responded affirmatively and offered to produce the evidence by the end of the day; the trial court told him that it was "too late."

[11] During cross-examination, after the arresting officer conceded that the vehicle Younger was driving was properly registered, Younger noted that, "the charge in Count 1 [was] *operating a motor vehicle* unlawfully." (Emphasis supplied.)

[12] (Punctuation omitted.) *Roberson v. State*, 187 Ga. App. 485, 487 (370 SE2d 661) (1988).

[13] See *Thrasher v. State*, 292 Ga. App. 566, 573 (4) (666 SE2d 28) (2008); *Roach*, supra; *Roberson*, supra.

Aubrey Younger, *pro se.*
*Barry E. Morgan, Solicitor-General*, for appellee.