### 36805. CLARKE v. ZANT.

CLARKE, Justice.

Clarke and two co-defendants were tried and convicted of armed robbery in Fulton County in 1979. The convictions were upheld in *Aiken v. State,* 152 Ga. App. 662 (264 SE2d 336) (1979). Clarke represented himself during the armed robbery trial and his co-defendants were represented by counsel. Clarke then filed this petition for habeas corpus on the ground that his right to assistance of counsel is guaranteed by the Sixth and Fourteenth Amendments of the Federal Constitution but was violated in that he did not make a valid waiver of counsel prior to trial. The habeas court found petitioner's right to counsel had not been violated and we found probable cause to grant this appeal.

Faretta v. California, 422 U. S. 806 (95 SC 2525, 45 LE2d 562) (1975), held that while a criminal defendant has an absolute right to counsel in any prosecution which could result in imprisonment, the accused also has a fundamental right to represent himself in a state criminal trial "when he voluntarily and intelligently elects to do so." Faretta at 806. Faretta also states at 835: "Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.' Adams v. United States ex rel. McCann, 317 U. S. at 279 [63 SC at 242]." Faretta had requested that he be allowed to represent himself. This request was ultimately refused and he was represented by appointed counsel. His conviction was reversed, the court holding that a state may not force counsel on the accused when there is a knowing and intelligent election to proceed pro se.

The evidence at the habeas hearing consisted of the testimony of Clarke and that of the public defender who represented a co-defendant at trial. Clarke testified that he is forty-five years old, has a third grade education and can read and write "a little." He further testified that he had been in court on three separate charges over the past twenty years and that on two of those occasions he had retained counsel and on the other case had an appointed attorney. It is uncontradicted that initially a public defender was appointed to represent Clarke who was apparently dissatisfied with the attorney's advice. A second attorney from the Fulton County Public Defender's office, Mr. Willix, was then appointed. Willix represented a co-defendant at Clarke's trial and testified at the habeas proceeding.

Willix testified he interviewed Clarke at jail and that Clarke was adamant that he wanted to represent himself. He further stated that the trial judge's general practice is not to allow a defendant to represent himself unless that defendant is certain in his choice to proceed without an attorney. Willix also stated that he represented a co-defendant at trial and that he was appointed by the court to assist Clarke during the trial. The Fulton County Public Defender's office filed a motion for new trial on behalf of Clarke and his co-defendants and also filed an appeal on their behalf. It is apparent from the record that Clarke did know that he had a right to hire counsel, and that counsel would be appointed if he could not afford one. He made no attempt to retain counsel in this case. He was dissatisfied with the first appointed counsel, and did not want the services of the second appointed counsel as he felt they "were all the same." Willix testified

that Clarke was at all times pleasant with him, but remained firm in his decision to represent himself.

Mr. Clarke testified that the trial judge never inquired of him personally concerning his decision to proceed without counsel. The record is totally silent as to whether the trial court personally questioned Clarke about his decision to proceed pro se. The respondent contends that even without such a record, there is ample evidence to support the finding below that Clarke made a valid waiver of counsel and knowingly and voluntarily elected to represent himself "with eyes open."

In determining whether or not an accused has adequately waived his right to counsel and elected to exercise his constitutional right to represent himself, the courts will apply the standard set forth in Johnson v. Zerbst, 304 U. S. 458 (58 SC 1019, 82 LE 1461) (1937). Faretta v. California, supra. *Taylor v. Ricketts,* 239 Ga. 501 (238 SE2d 52) (1977), applied the Johnson v. Zerbst standard that "A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." Johnson v. Zerbst, supra at 464. It is also clear from Johnson v. Zerbst that the trial judge has the responsibility of determining whether the accused has intelligently waived his right to counsel. "The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused — whose life or liberty is at stake — is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record." Johnson, at 465.

In the context of the Sixth Amendment of the Federal Constitution, waiver must be determined by applying federal constitutional law. Brewer v. Williams, 430 U. S. 387 (97 SC 1232, 51 LE2d 424) (1977). Brewer also states that a strict standard must be applied to waiver of counsel whether at trial or in pretrial proceedings and that constitutional waiver requires more than a comprehension of rights. There must also be a relinquishment of rights.

In an effort to protect Clarke's rights, the trial court appointed a second attorney when requested by the accused; the second attorney discussed the case with Clarke, and was asked by the court to assist

him in his self-representation. Clarke had been represented by retained and appointed counsel on previous occasions and made a decision to represent himself in this case. This decision was made after conferring with counsel prior to trial.

This is not a case where a defendant stood trial alone with no assistance or protection of his rights. Clarke was tried with two co-defendants, each of whom was represented by counsel. One of these counsel had previously discussed the case with Clarke and was also asked to assist him at trial if needed. It appears that the defenses of each were not inconsistent. Clarke and three others were charged with armed robbery of a bank; there were eyewitnesses who positively identified Clarke and two of his co-defendants at trial. (The fourth defendant had entered a plea of guilty.) The four were immediately apprehended when the getaway car was wrecked after a high-speed chase from the scene of the crime. At the sentencing hearing, Clarke received a lesser punishment than his co-defendants as the state was unable to present evidence in aggravation.

We have held that a violation of the accused's right to represent himself as co-counsel may be harmless error. *Burney v. State,* 244 Ga. 33 (257 SE2d 543) (1979). In *Eiland v. State,* 246 Ga. 112 (268 SE2d 922) (1980), we held a violation of the Sixth Amendment right to counsel at pre-trial identification proceedings was harmless error under the constitutional standard of Chapman v. California, 386 U. S. 18 (87 SC 824, 17 LE2d 705) (1967).

Under the circumstances of this particular case, we find no error requiring a reversal of the conviction or of the holding of the habeas court. Nevertheless, we recognize the dilemma which faces a trial court when an accused expresses a desire to represent himself. If the court allows the defendant to proceed pro se, he will be faced with the charge that the waiver of counsel is not proper as in *Taylor.* It is also impermissible to force counsel on an accused as in Faretta. Although the peculiar circumstances of the instant case taken as a whole are sufficient to affirm the habeas court, it is the opinion of this court that much uncertainty could be removed from future cases if a complete record is made. We therefore hold that in future cases, the record should reflect a finding on the part of the trial court that the defendant has validly chosen to proceed pro se. The record should also show that this choice was made after the defendant was made aware of his right to counsel and the dangers of proceeding without counsel.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 24, 1981.

Harold Clarke, *pro se.*

Arthur K. Bolton, Attorney General, Michael R. Johnson, Assistant Attorney General, for appellee.