## 70677. SINGLETON v. THE STATE.
(337 SE2d 350)

SOGNIER, Judge.

Appellant was convicted of being an habitual violator by driving a motor vehicle after receiving notice that his driver's license had been revoked without obtaining a valid driver's license after such revocation. He was sentenced to five years confinement, four years to serve and one year on probation. His sole enumeration of error on appeal alleges error in the trial court's failure to make an affirmative finding that appellant waived his right to counsel as required by *Clarke v. Zant*, 247 Ga. 194, 197 (275 SE2d 49) (1981).

At appellant's arraignment he was not represented by counsel, but stated in response to a question by the court that he would like to be represented by a lawyer, and that he could afford one. Prior to termination of arraignment the court advised appellant that he was entitled to have an attorney, and that he should have an attorney with him at a scheduled pretrial hearing and on the date of trial, as failure to do so would not be a defense or grounds for a continuance. Appellant did not have an attorney at his pretrial hearing and the court advised appellant that he had a constitutional right to represent himself.

At a hearing prior to jury selection, appellant acknowledged on the record that he had waived his right to counsel and elected to proceed *pro se*. He also signed the indictment the same day, waiving his right to counsel. Thus, contrary to appellant's assertion, there is an affirmative finding of waiver by the trial court on the record, as required by *Clarke*, supra. Since appellant was advised on at least three occasions of his right to be represented by counsel and waived that right on the record, we do not find the court's failure to use the exact language set forth in *Clarke* reversible error. Accordingly, we affirm.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 5, 1985.

*Paul W. Calhoun, Jr.*, for appellant.
*Richard A. Malone, District Attorney, William H. McClain, Assistant District Attorney*, for appellee.