## 71792. McCOOK v. THE STATE.
### (342 SE2d 757)

POPE, Judge.

David McCook brings this appeal from his conviction and sentence of two counts of child molestation and one count of aggravated sodomy. In his sole enumeration of error appellant asserts that the trial court erred in failing to determine whether he intelligently and competently waived his right to counsel and elected to proceed pro se at trial. *Held*:

Counsel was appointed to represent appellant several weeks prior to trial. Counsel worked with appellant during that time, which included representing him at a preliminary hearing, but on the day prior to arraignment, appellant dismissed appointed counsel. At arraignment appellant indicated that he intended to represent himself for the time being but was trying to find another attorney. The trial court asked, "I want it very clear on the record. You, right now, want to represent yourself. Is that right?" Appellant responded, "Yes, sir." At a subsequent pretrial motions hearing appellant again represented himself. After noting that appellant had previously "terminated" his appointed counsel, the trial court asked appellant if he still wished to represent himself. He requested appellant to "state plainly and unequivocally" that he did not want counsel to assist him during the course of trial, to which appellant replied, "I do not desire counsel, and I intend to represent myself." The trial court then found that appellant had knowingly waived his right to counsel. On the day prior to trial the court appointed an attorney to assist appellant with procedural issues during the course of trial. In response to a question from the court, appellant indicated that he understood that this attorney was not being appointed to represent him.

"In determining whether or not an accused has adequately waived his right to counsel and elected to exercise his constitutional right to represent himself, the courts will apply the standard set forth in *Johnson v. Zerbst*, 304 U. S. 458 (58 SC 1019, 82 LE 1461) (1937) . . . . *Taylor v. Ricketts*, 239 Ga. 501 (238 SE2d 52) (1977), applied the *Johnson v. Zerbst* standard that '[a] waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.' *Johnson v. Zerbst*, supra at 464. It is also clear from *Johnson v. Zerbst* that the trial judge has the responsibility of determining whether the accused has intelligently waived his right to counsel. 'The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused — whose life or liberty is at

stake — is without counsel. 'This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record.' *Johnson,* at 465." *Clarke v. Zant,* 247 Ga. 194, 196 (275 SE2d 49) (1981). Indeed, our Supreme Court has directed that "the record should reflect a finding on the part of the trial court that the defendant has validly chosen to proceed *pro se.* The record should also show that this choice was made after the defendant was made aware of his right to counsel and the dangers of proceeding without counsel." Id. at 197.

We have no doubt on the basis of the record before us that appellant was aware of his right to counsel. It is equally apparent, however, that the trial court made no inquiry of appellant as to his background or experience and also made no warning to appellant of the dangers of proceeding without counsel. We are thus unable to conclude from the record on appeal that appellant's waiver of counsel was knowing, voluntary and intelligent. See *Glaze v. State,* 172 Ga. App. 802 (325 SE2d 172) (1984); *Fernandez v. State,* 171 Ga. App. 290 (319 SE2d 503) (1984); *Campbell v. State,* 128 Ga. App. 74 (1) (195 SE2d 664) (1973). Compare *Callahan v. State,* 175 Ga. App. 303 (333 SE2d 179) (1985).

Nevertheless, we find any error in this regard to be harmless beyond a reasonable doubt. See generally *Eiland v. State,* 246 Ga. 112 (2) (268 SE2d 922) (1980). The evidence presented by the State was strong and relatively straightforward. The trial court appointed an attorney to sit with appellant during trial in order to advise him as to procedural matters. Also, the court gave appellant considerable latitude in his cross-examination and in the presentation of his defense. The record discloses that appellant was well prepared to defend himself and did so in a credible fashion, although not without some difficulty due to his inexperience in legal matters. He made opening and closing arguments and conducted a thorough and sifting cross-examination of the State's witnesses, including the two alleged victims. He presented evidence from 17 witnesses, including himself, in his defense. Appellant was able by these witnesses to establish his defense, viz, that his wife and her friend (both members of Jehovah's Witnesses) had fabricated the crimes charged against him so that his wife could obtain a divorce from him which would be approved by her church. Appellant even called an expert witness, a Ph.D. in social and personality psychology, in an attempt to lend credence to his defense and undermine the State's evidence. We therefore conclude that it is unlikely that appellant's convictions were attributable to his decision

to represent himself. See, e.g., *Graham v. State*, 172 Ga. App. 660 (1) (324 SE2d 518) (1984); *Hose v. State*, 161 Ga. App. 401 (288 SE2d 675) (1982). Accordingly, appellant's sole enumeration of error presents no ground for reversal.

*Judgment affirmed. McMurray, P. J., concurs. Carley, J., concurs in judgment only.*

DECIDED MARCH 13, 1986.

*Sharon R. Jones*, for appellant.
*Joseph H. Briley, District Attorney, Alberto C. Martinez, Jr., Assistant District Attorney*, for appellee.