## 74189. LAZENBY v. THE STATE.
### (354 SE2d 196)

DEEN, Presiding Judge.

McArthur Lazenby appeals from his conviction of armed robbery following the trial by jury at which he partially represented himself.

1. In his first enumeration of error, Lazenby contends that the trial court erred in failing to properly and thoroughly inform him of his right to counsel and the dangers and consequences of his waiver of counsel.

The transcript shows that after the case was called and Lazenby's appointed attorney answered, the court held a bench conference with counsel and the District Attorney. The judge then spoke to the defendant and said that his attorney had informed him that he wished to represent himself. Lazenby replied that he did and that he was a "registered paralegal/legal assistant. I know the law and I feel like as long as I abide within the law, I can represent myself." When asked if he desired the assistance of his attorney, Lazenby stated that he wished to have the attorney available to assist him during the course of the trial. At no point did his attorney ask to have the court inquire into appellant's background or explain the dangers of self-representation. The transcript indicates that counsel did in fact assist Lazenby at trial. While appellant made an opening statement and cross-examined the state's witnesses, the attorney took over the case at the close of the State's case and presented the entire defense, cross-examination of rebuttal witnesses and made a closing argument to the jury. Appellant did not have the right to demand that he be allowed to represent himself and retain the services of counsel, *Jones v. State*, 171 Ga. App. 184 (319 SE2d 18) (1984). The court, however, in an abundance of caution, allowed him this right in order to protect his right to a fair trial. As a result, appellant was afforded not only his constitutional right to represent himself, but also his right to have counsel who conducted a large portion of the case.

Assuming *arguendo* that appellant waived his right to counsel, we find it was a valid waiver; that is, a knowing relinquishment of a known right. In determining whether there has been a valid waiver of the right to counsel, the particular facts and circumstances surrounding each case must be considered. *Taylor v. Ricketts*, 239 Ga. 501 (238 SE2d 52) (1977). The facts, as set forth above, support such a finding. Appellant's allegation that the court failed to make an affirmative finding that he waived his right to counsel as required by *Clarke v. Zant*, 247 Ga. 194 (275 SE2d 49) (1981), is not justified. In *Singleton v. State*, 176 Ga. App. 733 (337 SE2d 350) (1985), the court held that reversible error was not incurred when the court failed to use the exact language set forth in *Clarke*.

Also assuming *arguendo* that the trial court committed error in

permitting Lazenby to represent himself, any such error was harmless because of the availability of counsel for consultation during that portion of the trial at which appellant chose to represent himself, the latitude the court allowed him on cross-examination, and the fact that the attorney conducted the defense, cross-examination of rebuttal testimony and the concluding argument portion of the case. The evidence presented against appellant was strong and fairly straightforward. As in *McCook v. State*, 178 Ga. App. 276, 277-278 (342 SE2d 757) (1986), "it is unlikely that appellant's [conviction was] attributable to his decision to represent himself."

2. In his next enumeration of error, appellant contends that the trial court showed a preference for conviction and restrained him from speaking out on his own behalf.

An examination of the transcript does not support appellant's allegations. It is the duty of the trial court to see that a trial is conducted in a safe and orderly manner. The conduct of the trial, especially as to security, are matters within the trial court's discretion. *Lee v. State*, 166 Ga. App. 644 (305 SE2d 175) (1983). Lazenby's conduct during the trial was outrageous. At one point he advanced towards the judge in a threatening manner, he called the trial a "kangaroo court," and threatened to kill a witness who was a deputy sheriff. His repeated outbursts and attempts to disrupt the trial forced the judge to admonish him on several occasions and finally hold him in contempt of court and warn him that he would be physically restrained if he did not behave. It is well established that the use of such measures to prevent dangerous or disruptive behavior by the accused is within the court's discretion. *Gates v. State*, 244 Ga. 587 (261 SE2d 349) (1979); *Allen v. State*, 235 Ga. 709 (221 SE2d 405) (1975). Considering the scope of appellant's unruly conduct, we find the court exercised remarkable restraint in not actually using the drastic measures it threatened to use. Moreover, the allegations of improper remarks by the trial court were not raised in the court below by objection, motion for a mistrial or in a motion for a new trial and cannot be raised for the first time on appeal. *Roberts v. State*, 231 Ga. 395 (202 SE2d 43) (1973).

3. Appellant contends, in his final enumeration of error, that the trial court erred in failing to charge the jury the law concerning alibi. He did not make such a request to charge and seems to be claiming that it was his sole defense.

Such a charge is warranted only where there is evidence which reasonably excludes the possibility of the defendant's presence at the scene of the crime at the time of its commission. *Martin v. State*, 170 Ga. App. 854 (318 SE2d 724) (1984). The transcript shows that at various points in his testimony, Lazenby claimed to be at three different places at the time of the armed robbery. A witness at whose home

he claimed to be when the robbery took place, testified he left at 5:30 p.m. and did not return until 11:30 p.m. The robbery occurred shortly after 8:30 p.m. An alibi witness named "Frank Martin" who was also supposed to be with Lazenby during the time of the robbery did not testify, and he could not substantiate his claim that he was at "T. S. Cody's place" at the time of the robbery.

It is ordinarily not error to fail to charge on alibi absent a request since " 'the true effect of an alibi defense is to traverse the [S]tate's proof that the defendant committed the crime, the charge that the burden is on the [S]tate to prove that the defendant committed the crime beyond a reasonable doubt itself necessarily covers the question of whether the evidence of alibi was sufficient to create a reasonable doubt. [Cit.]' " *Thomas v. State*, 176 Ga. App. 53, 55 (335 SE2d 135) (1985). As the trial court fully and correctly charged on the presumption of innocence, the State's burden of proving the defendant's guilt beyond a reasonable doubt, and on the credibility of witnesses, we find it did not err in failing to charge on alibi.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED FEBRUARY 23, 1987.

*Jimmy D. Plunkett*, for appellant.
*Dennis C. Sanders, District Attorney, Harold W. Wallace III, Margaret E. McCann, Assistant District Attorneys*, for appellee.