A90A1973. KITCHENS v. THE STATE.
(401 SE2d 552)

CARLEY, Judge.

After a mistrial, appellant was again tried before a jury and found guilty of armed robbery. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdict.

1. Shortly after the trial began, appellant expressed a desire to represent himself. The trial court made appellant aware of his right to counsel and advised him of the dangers of proceeding without counsel. The trial court also emphasized the hazards arising from an ignorance of the rules of evidence, the gravity of the situation, and the possible results. Nevertheless, appellant again expressed his desire to represent himself. On appeal, however, he urges that there was no knowing, voluntary, and intelligent waiver of counsel.

The record does in fact show a knowing and intelligent waiver of counsel which satisfies the standard established in *Clarke v. Zant*, 247 Ga. 194 (275 SE2d 49) (1981). See *Shavers v. State*, 179 Ga. App. 45, 46 (1) (345 SE2d 134) (1986). The contention that the trial court failed to make the requisite determination that appellant had validly chosen to proceed pro se is without merit. *Singleton v. State*, 176 Ga. App. 733 (337 SE2d 350) (1985). See also *Lazenby v. State*, 181 Ga. App. 854 (1) (354 SE2d 196) (1987). Moreover, any error would be harmless in light of the continuing availability and utilization of counsel by appellant, the strength and straightforward nature of the State's evidence, and the credible fashion in which appellant presented his defense. See *Williams v. State*, 192 Ga. App. 317, 318-19 (2) (384 SE2d 877) (1989); *McCook v. State*, 178 Ga. App. 276, 277-78 (342 SE2d 757) (1986); *Dickerson v. State*, 161 Ga. App. 178, 179 (2) (288 SE2d 131) (1982). Compare *Strozier v. State*, 187 Ga. App. 16, 17 (1) (369 SE2d 504) (1988).

2. The victims are Koreans and, over appellant's objection, the trial court permitted their daughter to act as their interpreter.

"The use of an interpreter, and the extent to which he may be used in the examination of a witness, must necessarily lie within the sound discretion of the trial judge. [Cit.]" *LaCount v. State*, 237 Ga. 181, 183 (2) (227 SE2d 31) (1976). The only objection raised below was that the victims had operated a grocery store for ten years and knew some English. "[T]he record is clear that the witness[es] . . . [were] from [Korea] and [Korean] is [their] native language. . . . The record further shows that [they] only '[understand] some English.' Under those circumstances, the use of an interpreter was not error." *Williams v. State*, supra at 319. See also *McFarland v. Kim*, 156 Ga. App. 781, 784 (4) (275 SE2d 364) (1980).

3. Although appellant's confession had been ruled inadmissible in the prior trial which had ended in a mistrial, it was admitted into evidence in the instant trial. This evidentiary ruling is enumerated as error.

Appellant has cited no authority for the proposition that a confession must be excluded from evidence simply because it was ruled inadmissible in the context of a prior trial which did not proceed to verdict and judgment. Applicable authority is to the contrary. "When proceedings of the former trial have been set aside, a new trial proceeds de novo. [Cit.]" *Bramblett v. State*, 139 Ga. App. 745, 750 (5) (229 SE2d 484) (1976), aff'd 239 Ga. 336 (236 SE2d 580) (1977). Appellant's reliance upon *Cook v. State*, 141 Ga. App. 241 (233 SE2d 60) (1977) is misplaced. That case involved suppression of tangible evidence and the holding therein is premised upon the language of OCGA § 17-5-30 (b): "If the motion is granted the property . . . shall not be admissible in evidence against the movant in *any* trial." (Em-

phasis supplied.) The instant case involves a confession, not tangible evidence, and the provisions of § 17-5-30 are not applicable. Moreover, in *Cook*, unlike the instant case, the prior proceedings wherein the evidentiary ruling had been made were *not* subsequently set aside.

The record here shows that a *Jackson-Denno* hearing was held, and that, in its order denying appellant's motion for new trial, the trial court found that the confession had been freely and voluntarily given. See *Ward v. State*, 239 Ga. 205 (1) (236 SE2d 365) (1977). After a review of the hearing transcript, "[w]e cannot say that the trial court's ruling in favor of admissibility was erroneous here." *Holcomb v. State*, 254 Ga. 124, 126 (1) (326 SE2d 760) (1985).

4. "As for appellant's contention that the trial court violated OCGA § 17-8-57 when [it responded to an objection], ' "[t]he question of whether (OCGA § 17-8-57) has been violated is not reached unless an objection or motion for mistrial is made." (Cit.)' [Cit.] Neither was made in the case at bar." *Mathis v. State*, 194 Ga. App. 498, 499-500 (3) (391 SE2d 130) (1990). Moreover, even *if* the issue had been preserved for appellate review, there was no error. OCGA § 17-8-57 " 'does not generally extend to colloquies . . . regarding the admissibility of evidence. (Cits.)' [Cit.]" *Kinsman v. State*, 259 Ga. 89, 93 (13) (376 SE2d 845) (1989).

5. The admission of the actual written confession as a jury exhibit is enumerated as error.

" ' "Appellant's . . . objection against admission of this evidence did not reach the question of its going out with the jury . . . (Cits.)" (Cit.)' [Cit.]. . . . [T]he transcript demonstrates that [appellant] raised no such specific objection in the trial court. 'An enumeration of error complaining of admission of evidence or of documents going out with the jury presents nothing for decision by this court where no objection was made at the trial. (Cits.)' [Cit.] Accordingly, we find this enumeration of error to be without merit. [Cit.]" *Miller Distrib. Co. v. Rollins*, 163 Ga. App. 635, 636 (1) (295 SE2d 187) (1982). See also *Gribble v. State*, 248 Ga. 567, 572 (7) (284 SE2d 277) (1981); *Stidem v. State*, 246 Ga. 637, 639 (3) (272 SE2d 338) (1980).

"We note, in addition, that there is nothing in the record to substantiate the appellant's argument that this did in fact occur." *Stidem v. State*, supra at 639 (3). Indeed, in its order denying appellant's motion for new trial, the trial court found "from its recollection that [appellant's] written confession did not go out with the jury during deliberation."

6. The trial court allowed the prior sworn testimony of a witness for the State to be read into the record. Appellant enumerates this as error, urging that the State did not show that the witness was inaccessible.

Appellant's statutory and constitutional arguments have been waived by his lack of objection to the admission of the testimony. See *Fleming v. State*, 243 Ga. 120, 123 (6) (252 SE2d 609) (1979); *Harbin v. State*, 193 Ga. App. 248, 249 (1) (387 SE2d 367) (1989).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 7, 1991 —

*Peter D. Johnson*, for appellant.
*Michael C. Eubanks, District Attorney*, for appellee.

