A96A2430. RUTLEDGE v. THE STATE.
(482 SE2d 403)

POPE, Presiding Judge.
Defendant was convicted by a jury of possession of cocaine with intent to distribute and obstruction of an officer. He appeals his con-

---

victions, raising three enumerations of error.

At approximately 3:00 a.m. on December 27, 1993, Officer LeBlanc of the Warner Robins Police Department was on patrol when he passed defendant's vehicle exiting from an apartment complex onto Cannon Road. Defendant was driving behind the officer when defendant turned off the main road. At that time, Officer LeBlanc turned his head and noticed that defendant did not have a tag displayed on his vehicle. The officer made a U-turn, pulled in behind defendant, and followed him for approximately a half-mile before he initiated a traffic stop. As Officer LeBlanc and defendant pulled into the parking lot, the officer noticed defendant reaching over towards the front passenger side floorboard area prior to coming to a stop. Defendant exited his vehicle, approached the patrol car, and asked why he was stopped. Officer LeBlanc told defendant his tag was not displayed and that he needed to see defendant's insurance card and driver's license. Defendant told the officer he had a tag and that it must have fallen from his rear window. Defendant opened the rear vehicle door, picked the tag up off the floorboard and placed it in the rear window. When defendant started to get back into his car, the officer told defendant he still needed to see his driver's license and insurance card. Defendant produced a driver's license and a rental agreement for the vehicle. The rental agreement appeared to be in order, but the officer was unable to run defendant's driver's license because the state-wide computers were down. Because defendant was acting nervous, Officer LeBlanc asked defendant for consent to do a pat-down search. Defendant consented and was told to lean against the vehicle for a pat-down search. Officer LeBlanc felt an object in defendant's right front pants pocket, and the defendant removed a pocket knife that he gave to the officer. The officer continued his pat-down search and discovered another object in defendant's left pants pocket. When he asked defendant for that object, defendant started rapidly moving his hand up and down in his pants pocket, and then back and forth between his pants pocket to his coat pocket. The officer became more nervous about his safety and advised defendant that he was going to remove the object from his pocket. When the officer grabbed defendant's arm, defendant snatched his arm away and put his hand back in his pocket.

Officer Harris then arrived on the scene, and both officers tried to subdue defendant. During that period, Officer LeBlanc noticed defendant take his hand out of his pocket and throw several small packets under a car in the parking lot. Officer Harris continued his pat-down search of defendant and placed him in the patrol vehicle. Later it was discovered that the items thrown under the car were nine individually packaged pieces of crack cocaine. Officer LeBlanc then searched the vehicle and located two pieces of crack cocaine in

the center console. He also found a cigarette box containing various drug paraphernalia and a bottle that looked like it was altered for drug use.

1. Defendant first enumerates as error the trial court's failure to grant his motion for directed verdict on the grounds that the evidence produced by the State was insufficient to support a conviction for possession with intent to distribute cocaine. Specifically, defendant argues that because the only evidence produced against him was the nine individual packages of "rocks" found on his person, the two "rocks" loose in the car, and various paraphernalia used for smoking crack cocaine, the evidence was sufficient only to show possession for personal use, rather than possession for distribution.

"To support a conviction for possession of cocaine with intent to distribute, the State is required to prove more than mere possession." (Citations and punctuation omitted.) *Sims v. State*, 213 Ga. App. 151, 153 (3) (444 SE2d 121) (1994). " 'On appeal the evidence must be viewed in a light most favorable to the prosecution. [Cit.]' [Cit.] While mere possession of a controlled substance without more will not serve as the basis for a conviction of possession of a controlled substance with intent to distribute, the evidence of the controlled substance in this case being packaged in a manner commonly associated with the sale or distribution of such contraband would authorize any rational trier of fact to infer that defendant possessed crack cocaine, a controlled substance, with intent to distribute. [Cit.] The evidence was sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560)." *Bowers v. State*, 195 Ga. App. 522 (1) (394 SE2d 141) (1990). See also *Sims v. State*, 213 Ga. App. at 153.

2. Defendant next enumerates as error the trial court's failure to grant his motion to suppress the evidence seized during the pat-down search of defendant and his vehicle.

"An officer may conduct a brief investigatory stop of a vehicle if such stop is justified by 'specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct.' [Cit.]" *State v. Whitfield*, 219 Ga. App. 5, 6 (463 SE2d 728) (1995). Although the record in this case does not contain a transcript from the hearing on the motion to suppress,[1] the transcript at trial discloses that defendant's vehicle was stopped by the officer because no tag was displayed on the rear license plate area. This was sufficient reason for an investigatory stop. See *Edwards v. State*, 219 Ga. App. 239 (3) (464 SE2d

---

[1] Although the notice of appeal requests that all motion hearing transcripts be forwarded to this Court, the trial court clerk's certificate on the record states that defendant's counsel authorized the record to be sent without the transcript for the motion to suppress hearing.

851) (1995).

We have specifically held that roadside questioning during the investigation of a routine traffic incident generally does not constitute a custodial situation. The fact that an officer retains a detainee's license for a short period during the course of an investigation does not necessarily mean that the detainee is in custody. *Crum v. State*, 194 Ga. App. 271, 272 (390 SE2d 295) (1990). Therefore, we find in this instance that there was a valid consent for the search of defendant's person and the search of defendant's vehicle subsequent to his arrest also was lawful. Accordingly, the motion to suppress was properly denied. See generally *Allen v. State*, 191 Ga. App. 623, 624 (1) (382 SE2d 690) (1989).

" 'Further, we must assume, absent the availability to us of whatever material the court considered while hearing evidence on the motion, that the court properly exercised its judgment and discretion in denying [defendant's] motion to suppress. (Cit.)' [Cit.]" *King v. State*, 203 Ga. App. 287, 289 (1) (416 SE2d 842) (1992). See also *Doster v. State*, 218 Ga. App. 174, 175 (460 SE2d 818) (1995).

3. In his last enumeration of error, defendant alleges the trial court erred in allowing defendant to proceed without legal counsel because any waiver of legal counsel by the defendant was not a voluntary, knowing and intelligent waiver.

" 'When an accused is placed on trial for any offense, whether felony or misdemeanor, for which he faces imprisonment, the constitutional guarantee of right to counsel attaches. As with all constitutional rights, the accused may forfeit this right by a knowing and intelligent waiver.' " (Citation omitted.) *Keith v. State*, 218 Ga. App. 729 (1) (463 SE2d 51) (1995). "Waiver of counsel requires more than a showing of a knowledge of right to counsel; there must also be evidence of relinquishment. Merely finding that a request for counsel was not made is insufficient to establish waiver. In order to establish a valid waiver, a trial judge must investigate as long and as thoroughly as the circumstances of the case before him demand. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the matter." (Citations and punctuation omitted.) *Kirkland v. State*, 202 Ga. App. 356, 357-358 (1) (414 SE2d 502) (1991). "When determining whether there has been an informed and intelligent waiver of such a right, each case must be determined upon its own peculiar facts and circumstance." *Callahan v. State*, 175 Ga. App. 303, 304 (333 SE2d 179) (1985); *Harris v. State*, 196 Ga. App. 796 (1) (397 SE2d 68) (1990). " 'While an accused may waive the right to counsel, whether there is a proper

waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record.' [Cit.]" *Clarke v. Zant*, 247 Ga. 194, 196 (275 SE2d 49) (1981).

In this case, the record indicates that defendant originally was represented by a lawyer from the Public Defender's Office, and following that lawyer's withdrawal from the case, the court appointed other counsel to represent defendant. Apparently, at some time after the defendant's motion to suppress hearing, defendant· decided to proceed pro se, although the record does not tell us why or when he made this election. We also know that a hearing was held on defendant's request to represent himself, although a copy of the transcript from that hearing has not been included in the record on appeal.

At the start of the trial of this matter, the trial court stated for the record that defendant had decided to proceed pro se. The trial court specifically asked defendant if it was still his intention to represent himself, and defendant affirmatively stated that he wanted to proceed pro se, provided court-appointed counsel would be available to provide him with technical assistance. The trial court also informed defendant of his right to remain silent and advised him about the potential dangers of his representing himself. Later during trial, the trial court again asked defendant if he still wished to proceed without counsel, and defendant again informed the court that he wished to proceed pro se.

Thus, the trial transcript clearly indicates that defendant was not denied the right to counsel by the trial court, but instead knowingly, understandingly and voluntarily elected to represent himself. "[Defendant] made a decision to represent himself in this case. This is not a case where a defendant stood trial alone with no assistance or protection of his rights. Under the circumstances of this particular case, we find no error requiring a reversal of the conviction. [Defendant's] choice was made after he was made aware of his right to counsel and the dangers of proceeding without counsel." (Citations and punctuation omitted.) *Williams v. State*, 192 Ga. App. 317, 319 (2) (384 SE2d 877) (1989). See also *May v. State*, 217 Ga. App. 427 (457 SE2d 694) (1995). The trial court's failure to use the exact language of *Clark v. Zant* in making its findings was not reversible error. See *Singleton v. State*, 176 Ga. App. 733 (337 SE2d 350) (1985).

Furthermore, assuming arguendo that the trial court erred in allowing defendant to represent himself, any such error was harmless beyond a reasonable doubt. *McCook v. State*, 178 Ga. App. 276, 277 (342 SE2d 757) (1986). The trial transcript indicates that defendant had a clear understanding of the nature of the charges against him, of the difference between the offenses of possession of cocaine and possession with intent to distribute, and of the possible defenses available to him. Defendant tenaciously conducted his own defense,

and court-appointed counsel provided assistance to him during trial, as did the trial court itself. "The evidence presented by the State was strong and relatively straightforward. The trial court appointed an attorney to sit with [defendant] during trial in order to advise him as to procedural matters. Also, the court gave [defendant] considerable latitude in his cross-examination and in the presentation of his defense. The record discloses that [defendant] was well prepared to defend himself and did so in a credible fashion. . . . We therefore conclude that it is unlikely that [defendant's] convictions were attributable to his decision to represent himself. [Cits.]" Id. at 277-278. There are no grounds for reversal.

*Judgment affirmed. Andrews, C. J., and Smith, J., concur.*

DECIDED FEBRUARY 14, 1997.

*Grantham & Peterson, William M. Peterson*, for appellant.
*Edward D. Lukemire, District Attorney, A. James Rockefeller, Pamela D. Brophy, Assistant District Attorneys*, for appellee.