## A98A2432. HEARD v. THE STATE.
(513 SE2d 35)

ANDREWS, Judge.

Roger Heard was found guilty by a jury of possession of cocaine with intent to distribute. Heard's sole enumeration of error on appeal is that the trial court erred in going forward with the trial at which he proceeded pro se without determining whether he voluntarily and knowingly waived his right to counsel.

After being arrested on the present offense on October 31, 1995, Heard was initially represented by retained counsel when he obtained a pretrial bond at a hearing on November 10, 1995. Heard was subsequently indicted on September 10, 1996. On November 13, 1996, Heard appeared pro se when he waived formal arraignment and pled not guilty. At that time, Heard indicated he intended to hire counsel. After Heard failed to appear for trial on May 12, 1997, his bond was forfeited and he was arrested pursuant to a bench warrant. Thereafter, the State provided Heard, acting pro se, with access to discoverable material under OCGA § 17-16-1 et seq. by mailing the material to him at the state prison on August 5, 1997, September 2, 1997, and December 2, 9, and 16, 1997. On September 10, 1997, Heard filed a pro se demand for trial pursuant to OCGA § 17-7-170 during the September 1997 term of the Fayette County Superior Court. On November 25, 1997, the trial court entered an order directing that Heard be delivered from the prison by the sheriff for a trial on January 12, 1998, a date still within the term of court beginning in September 1997.[1]

On January 12, 1998, Heard, acting pro se, was brought to trial before a jury in the Fayette County Superior Court. Heard announced to the trial court that he was unrepresented by counsel.

---

[1] Fayette County Superior Court has two terms of court commencing as follows: First Monday in March and second Monday in September. OCGA § 15-6-3 (19) (A).

The trial court noted on the record that Heard had informed the court on November 13, 1996, that he would hire his own counsel, that since that time he had failed to hire counsel, and that he had failed to apply for court-appointed counsel. The trial court further stated that, because Heard had entered a pro se demand for a speedy trial and indicated to the court that he was going to represent himself, the trial would go forward with Heard proceeding pro se. Heard states on appeal that he indicated prior to trial that his intention was to proceed without counsel, and the State does not contest this assertion.

The evidence in the case was closed before the 12 noon lunch break on the first day of the trial, and the jury returned a guilty verdict after deliberating for about 45 minutes. Heard made no opening statement to the jury, presented no evidence, did not cross-examine any of the State's witnesses, and made no objections during the trial.

A defendant put on trial for any offense, felony or misdemeanor, for which imprisonment is a penalty, has a constitutional right to counsel which may only be waived by voluntary and knowing action. *Callaway v. State*, 197 Ga. App. 606, 607 (398 SE2d 856) (1990); *Rutledge v. State*, 224 Ga. App. 666, 669 (482 SE2d 403) (1997). The trial judge has the duty of determining whether the defendant has voluntarily and knowingly waived the right to counsel and validly elected to exercise the alternative right to proceed pro se. *McCook v. State*, 178 Ga. App. 276-277 (342 SE2d 757) (1986); *Burnett v. State*, 182 Ga. App. 539, 540 (356 SE2d 231) (1987). "When waiver of the right to counsel rests upon the defendant's election of his alternative right of self-representation, 'the record should reflect a finding on the part of the trial court that the defendant has validly chosen to proceed pro se. The record should also show that this choice was made after the defendant was made aware of his right to counsel and the dangers of proceeding without counsel.' *Clarke v. Zant*, 247 Ga. 194, 197 (275 SE2d 49) (1981)." (Emphasis omitted.) *Burnett*, 182 Ga. App. at 540. "When the record is silent, waiver is never presumed and the burden is on the state to present evidence of a valid waiver." *Jones v. Wharton*, 253 Ga. 82, 83 (316 SE2d 749) (1984); *Kirkland v. State*, 202 Ga. App. 356, 357-358 (414 SE2d 502) (1991). Since the record contains nothing showing that Heard was made aware of his right to counsel or of the dangers of proceeding without counsel, we are unable to conclude that Heard validly chose to proceed pro se after voluntarily and knowingly waiving his right to counsel.

The trial transcript shows that, acting as his own counsel, Heard failed to do anything at the trial to defend himself against the charges. Although the State presented strong evidence of Heard's guilt amply sufficient for a rational trier of fact to find him guilty beyond a reasonable doubt, we cannot conclude under these circumstances that the error was harmless. See *McCall v. State*, 232 Ga.

App. 684, 686-687 (503 SE2d 578) (1998); compare *McCook*, 178 Ga. App. at 277-278, and *Rutledge v. State*, 224 Ga. App. at 670-671.

*Judgment reversed. Pope, P. J., and Beasley, P. J., concur specially.*

BEASLEY, Presiding Judge, concurring specially.

I concur for the reason that the record does not establish that defendant was aware of the consequences of trial without counsel, trial with self-representation. Waiver of the constitutional right to counsel must be "an intentional relinquishment or abandonment of a known right or privilege. . . . [It must be] an intelligent waiver."[2] In order for the waiver to be intelligent, defendant must be aware of the right to counsel in the first place, which as described below is evident of record. In that regard I differ with the majority opinion. But the right-waiving defendant must also be aware of "the dangers of proceeding without counsel."[3] As to that, I agree with the majority; there is nothing in the record to show that he understood the consequences of proceeding through a jury trial without professional assistance. The court did not so inform him and, according to the record, he had not been through a trial before. His prior convictions were all based on guilty pleas, so far as I can tell, so he would not have had personal trial experience.

As to his knowledge of the right to appointed counsel, as well as of the nature of the charge, the difference between the offenses of possession and possession with intent to distribute, and the potential penalty, defendant's prior experience conveyed this to him. Heard had four prior drug convictions, including a recent one on the same charge:

* 1985 drug offense — record does not show whether trial or plea; probation in this 1985 case was revoked in next case, revoked portion to be served concurrent with that next one.

* November 17, 1989 possession of cocaine — guilty plea with appointed counsel entered June 4, 1990. Sentenced to five years, serve six months, balance probated plus fine. (As stated above, court also revoked probation on the 1985 case and permitted service to be concurrent.)

* December 5, 1990 possession of cocaine — guilty plea with appointed counsel entered February 15, 1991. Sentenced to five years, serve three, balance probated. Revoked probation on the 1989-1990 case and permitted service to be concurrent.[4]

---

[2] *Johnson v. Zerbst*, 304 U. S. 458, 464 (58 SC 1019, 82 LE 1461) (1937).

[3] *Clarke v. Zant*, 247 Ga. 194, 197 (275 SE2d 49) (1981); *Rutledge v. State*, 224 Ga. App. 666, 670 (3) (482 SE2d 403) (1997).

[4] This crime occurred six months after he received a five-year sentence with six months to serve.

* January 18, 1997 possession of cocaine with intent to distribute — negotiated guilty plea with employed counsel entered June 6, 1997. Sentenced to five years to serve.

The current possession with intent to distribute occurred on October 30, 1995, after Heard served time for the 1990 possession and *before* the 1997 identical offense to which he pleaded guilty in advance of the trial in this instant case. That 1997 identical offense occurred while he was out on bond in this case, two months after he was arraigned pro se in this case and had told the court he would hire an attorney. He failed to appear for trial in *this* case on May 12, 1997, but a few weeks later pleaded guilty to the identical 1997 charge.

Since at the time of the trial in this case Heard had previously pleaded guilty to the identical charge with counsel, he knew the maximum penalty, the nature of the charge, his right to counsel and other trial rights. This is shown by the guilty plea transcripts, wherein the court so informed him. Background, experience and conduct are particular relevant facts and circumstances in determining whether there is a waiver.[5] In addition, the court did tell the jury in his presence at the very beginning of this trial that every defendant has a right to an attorney but also a right to represent himself and if he chooses to represent himself that should not be held against him. Defendant sat silent.

Heard started out with an attorney in this case, who appeared with him at the commitment hearing and again to set bond. He did not obtain new counsel, although he announced he would, from the date of arraignment November 13, 1996, to time of trial January 12, 1998, even though he was at liberty until about the end of May 1997. He knew enough to insist on a speedy trial by filing a demand for such himself, even citing the applicable statute, OCGA § 17-7-170.

At the time of this trial Heard was 36 years old, had an eleventh grade education, and could read and write. He received discovery from the state. He announced at the call of the case for trial that he was unrepresented by counsel, had previously had counsel, and would represent himself.

It is abundantly evident that Heard knew he had a right to counsel. But there is nothing to show he knew the consequences of proceeding alone. And he took very little active part in defending himself, other than participating in the voir dire, listening, and making a closing argument. After the jury found him guilty, the State offered evidence in aggravation of punishment but Heard had nothing to say

---

[5] *Taylor v. Ricketts*, 239 Ga. 501, 503 (238 SE2d 52) (1977), citing *Johnson v. Zerbst*, supra.

and offered no mitigating circumstances. He made no opening statement, although the State did. He did not cross-examine the witnesses or challenge any exhibits, and he did not present any defense or request any jury charge. We do not know the nature of his closing argument because it was not reported. The trial in effect constituted a guilty plea. The court did not make a record to show that the defendant knew about the potential dangers of representing himself at a jury trial.

I concur only because the record does not affirmatively show that defendant waived appointed counsel based on a knowledge of *all* the relevant factors.[6]

I am authorized to state that Presiding Judge Pope joins in this special concurrence.

DECIDED FEBRUARY 23, 1999.

*Saia, Richardson & Meinken, Joseph J. Saia,* for appellant.
*William T. McBroom III, District Attorney, James E. Hardin, Assistant District Attorney,* for appellee.

---

[6] See *Rutledge v. State,* supra at 669 (3), which recites once again what it is defendant must know in order for the waiver of the right to counsel to be "knowing" and "intelligent."