**THIRD DIVISION
ELLINGTON, P. J.,
DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**November 20, 2015**

# In the Court of Appeals of Georgia

A15A1342. TYNER v. THE STATE.                                    JE-049C

ELLINGTON, Presiding Judge.

A Muscogee County jury found Paul Tyner guilty beyond a reasonable doubt of two counts of rape, OCGA § 16-6-1 (a) (1); two counts of aggravated sodomy, OCGA § 16-6-2 (a) (2); and two counts of burglary, OCGA § 16-7-1.[1] Following the denial of his motion for a new trial, Tyner appeals, contending, inter alia, that he was deprived of his right to counsel at trial. For the reasons explained below, we reverse.

Pertinently to Tyner's claims of error, the record shows the following. Tyner's appointed counsel represented him during pretrial proceedings and appeared for him

---

[1] The offenses occurred on July 25, 1981. Tyner was tried on September 22 and 23, 1981. Nearly thirty-five years later, the trial court determined that Tyner had been deprived of the right to counsel on appeal and, on February 13, 2014, granted him leave to file an out-of-time appeal.

at trial. After the State presented its case in chief, Tyner elected to testify in his defense. Both sides rested, and the court then conducted a charge conference. After the State presented its closing argument, Tyner's counsel advised the court, outside the presence of the jury, that Tyner had decided at that point to defend himself.

The court advised Tyner that the remaining stages of the case were the defense's closing argument, which would be "the important stage that would entail some active representation on [his] behalf"; the charge of the court to the jury as to the law, when he would have a right to "note any technical objections that [he felt] might exist in it"; and the jury's deliberations. The court told Tyner that his attorney was prepared to complete the trial, and that he had the right to have his attorney do so, but that he also had the right to represent himself. The court then asked, "What is your election?" Tyner replied, "I would like to do it." The court asked Tyner's attorney to remain at the defense table to advise Tyner if requested. Before proceeding, the trial court advised Tyner that he would be bound by the same rules as would apply to counsel. The court emphasized specifically that, during closing argument, Tyner would be limited to discussing the evidence adduced at trial and any logical inferences supported by the evidence and that he could not go outside of the evidence produced at trial.

Tyner immediately ran afoul of the court's instructions. He started to discuss a Supreme Court holding, and the judge interrupted and advised Tyner that he would instruct the jury regarding the applicable law. The judge again instructed him to confine his argument to "the evidence produced during this trial and the logical deductions." Tyner next argued to the jury that, at the outset of the investigation, he had been willing "to do anything that [the State] would ask [of him. He] was supposed to have taken a lie detector test." The State objected, adding that Tyner had applied to take a lie detector test but had withdrawn the application the week before the trial. The court commented that there had been no evidence of a polygraph and reiterated that Tyner was limited in his argument to the evidence produced during the trial and the logical deductions from the evidence.

Tyner continued his argument, complaining that his defense counsel failed to call witnesses he wanted. The judge interrupted, saying

> Now, Mr. Tyner, I'm not going to allow you to sit up there and embarrass the lawyer over there, who the Court knows is a very fine lawyer and very conscientious. I caution you once again, confine your argument to the evidence produced during this trial – none of this [about any defense witnesses] was produced in evidence – and logical deductions from that evidence. . . . [T]here are certain boundaries that

3

you cannot go beyond. So, argue the evidence that was produced during this trial and the logical deductions.

Tyner resumed and quickly drew another objection, when he started talking about what had happened at a pretrial hearing the previous week. The court did not expressly rule on the objection but instructed Tyner again to confine his argument to the evidence and logical deductions. The judge added, "I was present at that hearing [the previous week]. . . . Regardless of what did or didn't happen last Friday, you must argue what happened during this trial this week. So, confine your argument to that."

Frustrated, Tyner said to the court,

I keep making these mistakes. I will just let him . . . Is it okay that the lawyer just go on and argue, because I don't quite understand where you are coming from. It would be all right with me if the lawyer . . . would just take over from here, because . . . I keep making these mistakes.

The court denied Tyner's request to allow his defense counsel to resume his representation of him. The court said, "the defense is entitled to [only] one argument. . . . I can't let you toy with the court; you get up and say you want to make the argument and then you say you want your lawyer to make the argument." The court stated

4

you can continue your argument. The court will correct the mistakes [you make], and I will be [more] tolerant with you than I would with your lawyer in [the case]. . . . Any mistake[s] you make, the court will correct them. I just must keep cautioning you that the argument must be confined to evidence introduced during the trial and logical deductions. You can't go into other evidence and testimony and so forth that might or might not have been admissible, because the jury didn't hear it.

As Tyner continued his argument, he repeatedly drew objections from the State and admonitions from the court for improper argument.

After the jury found Tyner guilty of all charges, the trial court immediately held the sentencing hearing. Tyner offered no evidence or argument in regard to sentencing. Expressing regret that the Supreme Court of the United States had "made a mistake when [it] abolished the death penalty" for rape cases, which caused the Georgia General Assembly to amend the Code, the trial court sentenced Tyner to the maximum period of imprisonment for each offense, with the sentences as to charges relating to one victim to run concurrently and the sentences as to the second victim to run consecutively.

1. Tyner contends that the trial court erred in requiring him, after he wished to withdraw his waiver of counsel, to proceed pro se during the remainder of closing argument and during reception of the verdict and sentencing.

It is well settled that

> [c]riminal defendants are guaranteed the rights to both counsel and self-representation under the federal and state constitutions. . . . If a defendant makes an unequivocal assertion of his right to represent himself prior to trial, the request should be followed by a *Faretta*[2] hearing to ensure that the defendant knowingly and intelligently waives the right to counsel and understands the disadvantages of self-representation.

(Citations and punctuation omitted.) *Thomas v. State*, 331 Ga. App. 641, 657-658 (7) (771 SE2d 255) (2015).[3] Although "a defendant cannot frivolously change his mind

---

[2] See *Faretta v. California*, 422 U. S. 806, 835 (V) (95 SCt 2525, 45 LEd2d 562) (1975) ("Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open.") (citation and punctuation omitted); see also *Danenberg v. State*, 291 Ga. 439, 440 (2) (729 SE2d 315) (2012) ("The pre-trial unequivocal declaration of a defendant that he wishes to represent himself must be followed by a hearing at which it is determined that the defendant knowingly and intelligently waives the traditional benefits associated with the right to counsel.") (citation and punctuation omitted); *Clarke v. Zant*, 247 Ga. 194, 195-196 (275 SE2d 49) (1981) (accord).

[3] In order to determine whether a defendant's decision to waive the right to counsel is knowing and voluntary, "a trial judge must investigate as long and as thoroughly as the circumstances of the case before him demand." (Citation and punctuation omitted.) *Kirkland v. State*, 202 Ga. App. 356, 357 (1) (414 SE2d 502) (1991). "When determining whether there has been an informed and intelligent waiver of such a right, each case must be determined upon its own peculiar facts and

6

in midstream" by asserting his right to self-representation in the middle of his trial, a trial court may allow a defendant to assume self-representation midstream if it finds that the waiver of the right to counsel is knowing and voluntary. (Citation and punctuation omitted.) *Preston v. State*, 257 Ga. 42, 44-45 (3) (354 SE2d 135) (1987). See also *Thaxton v. State*, 260 Ga. 141, 142 (2) (390 SE2d 841) (1990) (accord).

Assuming a defendant's waiver of his right to counsel is proper, that right, once waived, is no longer absolute. *Wilkerson v. State*, 286 Ga. 201, 204 (2) (b) 686 SE2d 648) (2009).

> The right to counsel, however, does not evaporate following a valid waiver, and a defendant may make a post-waiver request for counsel if, for example, he discovers he is overwhelmed by the trial process. Whether to grant or deny a defendant's post-waiver request for counsel is within the broad discretion of the trial court. In considering a post-waiver request for counsel, a trial court may consider, among other things, the timing of the request. As the trial date draws nearer, the trial court can and should consider the practical concerns of managing its docket and the impact that a request may have on its general

---

circumstance." (Citations and punctuation omitted.) *Rutledge v. State*, 224 Ga. App. 666, 669 (3) (482 SE2d 403) (1997). To facilitate appellate review, the trial court should make an express finding on the record that the defendant has validly chosen to proceed pro se and should ensure that the record reflects that the defendant's choice was made after the defendant was made aware of his right to counsel and the dangers of proceeding without counsel. *Clarke v. Zant*, 247 Ga. at 197.

responsibilities for the prudent administration of justice. The possibility of a disruption of trial proceedings may be diminished, however, if a defendant has had standby counsel and requests that the standby counsel represent him. If an examination of the record reveals that a trial court has abused its discretion in denying a post-waiver request for counsel during trial, it is a structural Sixth Amendment violation, and is not subject to a harmless error analysis on direct appeal.

(Citations and punctuation omitted.) Id.[4]

Pretermitting whether the trial court properly acceded to Tyner's desire to waive his right to counsel just after the State's closing argument, the record shows that he very quickly discovered that he was overwhelmed by the demands of self-

_____

[4] See *United States v. Gonzalez-Lopez*, 548 U. S. 140, 148-150 (III) (126 SCt 2557, 165 L Ed 2d 409) (2006) (Some "constitutional error[s are deemed] 'structural defects.' These defy analysis by harmless-error standards because they affect the framework within which the trial proceeds, and are not simply an error in the trial process itself. . . . [E]rroneous deprivation of the right to counsel of choice, with consequences that are necessarily unquantifiable and indeterminate, unquestionably qualifies as structural error[.] . . . In light of [the] myriad aspects of representation, the erroneous denial of counsel bears directly on the framework within which the trial proceeds . . . . It is impossible to know what different choices the rejected counsel would have made, and then to quantify the impact of those different choices on the outcome of the proceedings. . . . Harmless-error analysis in such a context would be a speculative inquiry into what might have occurred in an alternate universe" and is not permitted.) (citations and punctuation omitted); see also *Thomas v. State*, 331 Ga. App. at 658 (7) (Deprivation of the right to self-representation is structural error, i.e., error that requires automatic reversal.).

representation, and he asserted a post-waiver request for counsel within minutes of being allowed to represent himself. The record does not show that the request had any impact on the trial court's ability to manage its docket or on its general responsibilities for the prudent administration of justice. Nor does the record show any significant disruption of the trial, given that only a few minutes had passed and that counsel had an argument prepared and was standing by and ready to proceed. The record does not show that the trial court weighed the negligible cost of granting Tyner's request to withdraw his waiver of his right to counsel against any identified benefit of denying his request, other than preventing him from "toy[ing] with the court." We conclude that, under the circumstances, the trial court's insistence that Tyner continue pro se[5] was unjustified, given that closing argument, receiving the

---

[5] We disagree with the dissent that Tyner was seeking a hybrid form of representation. See e.g. *Horne v. State*, 318 Ga. App. 484, 496 (7) (733 SE2d 487) (2012) ("The Sixth Amendment right does not afford the defendant the hybrid right to simultaneously represent himself and be represented by counsel. A pro se motion filed by a convicted defendant while represented by counsel is unauthorized and without effect.") (citation and punctuation omitted). Tyner was represented by counsel, waived his right to counsel and began acting pro se, and, after a few minutes of self representation, asked to withdraw his waiver of his right to counsel and return to being represented.

9

verdict, and sentencing are critical stages of the trial.[6] Because our examination of the record reveals that the trial court abused its discretion in denying Tyner's post-waiver request for counsel during trial, it is a structural Sixth Amendment violation that requires reversal. *United States v. Gonzalez-Lopez*, 548 U. S. at 148-150 (III); *Wilkerson v. State*, 286 Ga. at 204; *Thomas v. State*, 331 Ga. App. at 658 (7).

We must reject the State's argument that, "[e]ven where a court's decision to allow a defendant to act pro-se is found to be in error, it can be harmless error when it is unlikely that appellant's convictions were attributable to his decision to represent himself[,]" citing *McCook v. State*, 178 Ga. App. 276 (342 SE2d 757) (1986).[7]

---

[6]    [A defendant's] right to counsel attaches once judicial proceedings have been initiated against him[,] and the accused is entitled to the representation of an attorney at all critical stages thereafter through an initial appeal. A critical stage in a criminal prosecution is one in which a defendant's rights may be lost, defenses waived, privileges claimed or waived, or one in which the outcome of the case is substantially affected in some other way.

(Citations and punctuation omitted.) *Adams v. State*, 199 Ga. App. 541, 543 (2) (405 SE2d 537) (1991). See *Gilreath v. State*, 247 Ga. 814, 824 (3) (279 SE2d 650) (1981) (argument of counsel and receiving the verdict are critical stages of a criminal trial); *Armstrong v. State*, 298 Ga. App. 855, 861 (2) (681 SE2d 662) (2009) (imposing sentence is a critical stage of a criminal trial).

[7] We note that our opinion in *McCook v. State* has no precedential value as one member of the three-judge panel concurred in the judgment only. 178 Ga. App. at 278. See Court of Appeals Rule 33 (a); *Williams v. State*, 329 Ga. App. 650, 653, n.

10

Pretermitting whether Tyner's convictions were attributable to his decision to represent himself, we are precluded from engaging in a harmless-error analysis as proposed by the State when, as in this case, we are presented with a structural error. *Thomas v. State*, 331 Ga. App. at 641. Tyner's convictions must be reversed.

2. In light of our holding in Division 1, supra, Tyner's remaining claim of error is moot.

---

1 (766 SE2d 82) (2014). At any rate, *McCook v. State* would not be controlling in this case, as it did not involve a defendant's post-waiver request for counsel during trial. 178 Ga. App. at 277. Rather, in that case, after the defendant asserted his right to self-representation and represented himself throughout the trial, he raised the issue whether the trial court erred in failing to determine his waiver of the right to counsel was intelligent and competent only on appeal. Accordingly, this case presents no basis for overruling or disapproving *McCook v. State*. In our review, our decisions that followed *McCook v. State* on this point likewise do not involve a denial of a defendant's post-waiver request for counsel during trial. See *Rutledge v. State*, 224 Ga. App. at 670-671 (3) (finding no error in allowing defendant to represent himself and stating, in obiter dictum, that any such error would have been harmless; no post-waiver request for counsel); *Kitchens v. State*, 198 Ga. App. 284, 285 (1) (401 SE2d 552) (1991) (same). See also *Lazenby v. State*, 181 Ga. App. 854, 854-855 (1) (354 SE2d 196) (1987) (the court allowed the defendant to consult with counsel during the portion of the trial when he represented himself and then tacitly granted a postwaiver request for counsel by allowing the defendant to have his attorney conduct the defense, the cross-examination of rebuttal testimony, and the closing argument portion of the case).

*Judgment reversed. Barnes, P. J., Phipps, P. J., McFadden and McMillian, JJ., concur. Dillard and Ray, JJ., dissent.*


A15A1342.  TYNER v. THE STATE.


D ILLARD, Judge, dissenting.

Following his convictions on two counts each of rape, aggravated sodomy, and burglary, Paul Tyner appeals, arguing that the trial court erred in allowing him to waive his right to counsel and proceed *pro se* just prior to closing argument, denying his subsequent request to withdraw his waiver of counsel, and in improperly expressing its opinion on the evidence. Pretermitting his initial argument, the majority agrees that the trial court should have allowed Tyner to withdraw his waiver of counsel and, therefore, reverses his convictions. However, I disagree that the trial

court abused its discretion in denying Tyner's request to withdraw his waiver of counsel. Accordingly, I respectfully dissent.

In this matter, after the State presented its closing argument, Tyner's counsel advised the trial court that Tyner now wanted to proceed *pro se* for the remainder of the trial. The court then explained what the remainder of the trial would entail and that Tyner, indeed, had the right to represent himself. Thereafter, the court asked Tyner how he wanted to proceed, and Tyner chose to proceed *pro se*. The court then instructed defense counsel to remain and advise Tyner if he so requested. And subsequently, the court informed Tyner that during closing argument, he would be bound by the same rules applicable to counsel and limited to discussing evidence adduced at trial and any inferences supported by such evidence.

But, as the majority notes, almost immediately, Tyner violated the court's instructions and began discussing a Supreme Court holding and evidence outside of the trial record. The State objected, and the trial court reminded Tyner to confine his argument to "the evidence produced during this trial and the logical deductions." Upon resuming his argument, Tyner began discussing his defense counsel's alleged deficiencies but was instructed by the court to cease from doing so. After attempting to continue his argument and again drawing an objection from the State, and yet

another admonishment from the court that he limit his argument to matters in evidence, Tyner acknowledged his mistakes and asked the court if defense counsel could resume his representation of him. But the court denied his request, stating "the defense is entitled to one argument. . . . I can't let you toy with court; you get up and say you want to make the argument and then you say you want your lawyer to make the argument." Consequently, Tyner continued his closing argument, which drew multiple objections from the State and rebukes from the trial court. And at the trial's conclusion, the jury found Tyner guilty of all charges.

Tyner now argues, and the majority agrees, that the trial court erred in denying his post-waiver request for counsel. However, I do not agree that the court's ruling in this regard constituted an abuse of discretion.

Once a defendant properly waives his Sixth Amendment right to counsel, "that right is no longer absolute."[1] But the right to counsel does not evaporate following a valid waiver, and a defendant "may make a post-waiver request for counsel if, for example, he discovers he is overwhelmed by the trial process."[2] Importantly, whether to grant or deny a defendant's post-waiver request for counsel is "within the broad

---

[1] *Wilkerson v. State*, 286 Ga. 201, 204 (2) (b) (686 SE2d 648) (2009).

[2] *Id.*

3

discretion of the trial court."[3] Furthermore, in considering a post-waiver request for counsel, a trial court "may consider, among other things, the timing of the request."[4] And as the trial date draws nearer, the trial court "can and should consider the practical concerns of managing its docket and the impact that a request may have on its general responsibilities for the prudent administration of justice."[5]

Here, although Tyner's post-waiver request for his counsel to resume representing him was unlikely to cause significant disruption of the trial, this Court has previously held that a trial court's refusal to countenance this type of hybrid representation does not constitute an abuse of discretion.[6] Thus, because Tyner had already begun his closing argument, regardless of its efficacy, the trial court did not

---

[3] *Id.*

[4] *Id.*

[5] *Id.* (punctuation omitted).

[6] *See Davis v. State*, 304 Ga. App. 355, 362 (3) (696 SE2d 381) (2010) (holding that trial court's refusal to allow defendant's standby counsel to take over the cross-examination of a witness already begun by defendant acting pro se did not constitute an abuse of discretion); *see generally Schwindler v. State*, 254 Ga. App. 579, 588 (9) (563 SE2d 154) (2002) (noting that a defendant has no right to hybrid representation of acting pro se and having appointed counsel).

4

abuse its discretion by refusing to allow Tyner to withdraw his prior waiver of counsel.[7]

For all of the foregoing reasons, I respectfully dissent.

I am authorized to state that Judge Ray joins in this dissent.

---

[7] *See id.*

5